## WILLIAM F. KUHNERT v. PETER C. CONDE.

SUPREME COURT—*Proceeding in Error not Legally Brought, Dismissed.* After a judgment was rendered in the district court in favor of the plaintiff, he died; and afterward the defendant, for the purpose of reversing such judgment, filed a petition in error and case in the supreme court, purporting to make the former plaintiff, and him only, the defendant in error. More than one year after the judgment was rendered, it was revived in the district court in the names of the representatives and successors of the former plaintiff. *Held,* That the proceeding in error in the supreme court must be dismissed, for the reason that it was not legally brought in the supreme court, and there has at no time been any defendant in error.

*Error from Atchison District Court.*

THE opinion states the case.

*W. D. Webb,* for plaintiff in error.

*L. F. Bird,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On April 22, 1886, a judgment was rendered in the district court of Atchison county in an action of ejectment, in favor of Peter C. Conde, the plaintiff, and against William F. Kuhnert, the defendant. On January 23, 1887, Conde died. On April 2, 1887, a petition in error and case were filed by W. D. Webb as attorney for Kuhnert, in the office of the clerk of the supreme court, making Kuhnert the plaintiff in error, and purporting to make Peter C. Conde the defendant in error; and praying for a reversal of said judgment. Webb was the attorney of record for Kuhnert. L. F. Bird, who had formerly been an attorney in the case for Conde, waived the issuance of summons and the service thereof, and no summons was ever issued in the case. On October 11, 1887, a notice was served by Samuel Woodworth, the attorney and next friend of the representatives and successors of Conde, upon Kuhnert's attorney of record, Webb, of an application to revive the judgment aforesaid, in the district court, in the names of the representatives and successors of Conde. This notice gave the names of the representatives and successors of Conde, and was signed by Bird as attorney for plaintiff. Webb, as the attorney of Kuhnert, accepted service of the notice and consented to the revivor. Afterward, and on January 11, 1888, the judgment was revived by order of the judge of the district court. On April 3, 1888, Woodworth and Bird, as the representatives and attorneys of the representatives and successors of Conde, appeared specially in this court, and moved that the case be dismissed. It will be observed that at the time of Conde's death the case was wholly and entirely in the district court, and there is no pretense that anything connected therewith was in the supreme court. No attempt had yet been made to bring the case or anything connected therewith to the supreme court. Hence no revivor could at that time have been had, either of the action or of the judgment, except in the district court; and no revivor was attempted in that court or in any other court within one year after the time of the

rendition of the judgment, or of Conde's death.   Before any revivor was had or even attempted, an attempt was made to bring the case to the supreme court.   Of course that attempt was abortive.   It was attempted to make Conde the defendant in error, but as Conde was dead, he could not be made a defendant in error.   He could not appear in any court and defend.   Nor could Bird nor anyone else legally appear for him as an attorney or otherwise.   Bird ceased to be an attorney for Conde when Conde died.   No service of summons could be made upon Conde after his death, and no waiver of service or of summons could be had by the consent of Bird, or otherwise.   And no attempt was made to make the representatives or successors of Conde parties to the proceedings in this court; and they have never been made parties to any such proceedings.   Indeed, there never has been any defendant in error in this court.   The case has never legally been brought to this court, and in law has never been in this court at all; and it is now too late to bring it here.   A proceeding in error to reverse an order or judgment of the district court can be brought to the supreme court only within one year after the order or judgment complained of has been made or rendered. (Civil Code, § 556.)   In this case a judgment is complained of, and that judgment was rendered more than two years ago; and yet in legal contemplation, no part of the case in which the judgment was rendered has ever been brought to this court; for as before stated, there has never been any defendant in error in this court.   It was about nine months after the time when the judgment was rendered before Conde's death took place, and nearly two years before the judgment was revived in the district court, and yet the deceased Conde, after his decease, is and has been the only defendant in error, or supposed defendant in error, in this court.

The case has never legally been in this court, and it will be dismissed.

All the Justices concurring.