## Wood *v*. Tomlin.

### (*Jackson*.    April 27, 1893.)

1. REVIVOR.    *Of administrator's suit.*

Where an administrator sues in his representative capacity, upon a note taken, payable to himself as administrator for a debt due his intestate's estate, the suit may be revived upon his death during its pendency, either in the name of his own administrator, or in the name of an administrator *de bonis non* of the first decedent.

Cases cited and approved : Scott *v*. Alexander, 2 Sneed, 652; Smith *v*. Pearce, 2 Swan, 128.

---

#### FROM MADISON.

---

Appeal from Chancery Court of Madison County. A. G. HAWKINS, Ch.

McCORRY & BOND and H. W. TOMLIN for Tomlin.

HAYNES & HAYS for Wood.

CALDWELL, J.    W. A. Wood, as administrator of Elizabeth Martin, deceased, filed the bill in this cause to collect such balance as might be ascertained, upon an account, to be due on a certain promissory note executed by the defendant, Jno. L. H. Tomlin. Decree was rendered in favor of complainant for $1,033.16, and defendant appealed.

Complainant has died pending the appeal, and motion is now made to revive the cause ·in the name of his administrator. Defendant resists the motion, and assigns as reason for so doing that no revivor can be had except in the name of an administrator *de bonis non.*

Upon the death of an administrator or executor, no interest in property left unadministered is transmissible to his own representative; but all such property as remains in specie, or as is capable of being identified as the specific property of the estate represented by him, passes to the administrator *de bonis non* of the original testator or intestate. He succeeds to all the power, authority, and legal duties belonging to the former executor or administrator in his representative capacity, so far as respects that part of the estate left unadministered, and takes up the administration where his predecessor left it. *Stott* v. *Alexander,* 2 Sneed, 652; *Smith* v. *Pearce,* 2 Swan, 128.

This, however, is not the ordinary case of *unadministered property,* in which the right is clearly against the personal representative of a personal representative, and in favor of the administrator *de bonis non* of the original decedent. The note here in suit, is not an *original asset* of Elizabeth Martin's estate. It was not executed to her in her life-time; but was given to *W. A. Wood, as her administrator,* for borrowed money.

Parsons says: "It has been a vexed question whether a note payable to it, *as executor,* and

given for a debt due to the estate, will be regarded as assets. It was once held that it would not; and, therefore, that a count upon such a note could not be joined with counts upon promises made to the testator in his life-time. But this doctrine has since been overruled, and it is now well settled that such a note will be assets, at least at the election of the executor. * * * Upon the same principle, if an administrator who has received such a note, dies before it is paid, it goes properly with the other assets into the hands of the administrator *de bonis non*, and he may sue upon it, and demand and receive payment." 1 Parsons on Notes and Bills, pages 155, 561.

In the case of *Cotherwood* v. *Chaboud,* 1 B. & C., 150, which is cited by the author for the last proposition, one of the Judges said that the various cases might be reconciled upon the suggestion that either the administrator *de bonis non* or the administrator of the administrator could maintain a suit upon such a note.

Daniel, referring to the first proposition laid down by Parsons, says: "It is settled now that a bill or note payable to it, as executor, is assets in his hands—at least, at his election," etc. 1 Daniel's Neg. Insts., sec. 268.

Schouler uses this language: "A note payable to A B, executor (or administrator) of C D, is said to be payable to A B personally, the words, 'executor,' etc., being merely descriptive. On the death

of A B, therefore, the suit is properly revived in the name of his personal representative; at all events, if he holds possession, and if there be no averment of assets. But this rule should not interfere with the right of an executor *de bonis non* to receive possession of the unadministered assets of the estate he represents, and, accordingly, such administrator is held capable of suing, as such, upon notes or other evidences of debt payable in terms to his predecessor in the administration, as ˮexecutor or administrator, provided he make proper averment as to the facts, and produce or account for the instrument." Schouler's Exrs. and Admrs., Sec. 411.

Another late author says: "In like manner, where commercial paper is given to one as executor or administrator, such words are held to be merely *descriptio personæ*, and the bill or note will be the individual property of the payee named. * * * So, where the note is made to one as executor or administrator, he may sue on it in his own name. He may also sue on it in his representative capacity." 1 Randolph Com. Pap., sec. 440.

Redfield states his views thus: "And it seems that upon notes and bills given to the personal representative, as such, for debts due the estate, he may sue in his representative capacity, or he may sue in his own name, treating his representative capacity alleged in the contract as a mere description of his person, *descriptio personæ*. So in cases where the administrator may sue in his rep-

resentative capacity, the administrator *de bonis non* may maintain an action, although there are some early cases to the contrary." 2 Redfield on Law of Wills, p. 192, Subsec. 3.

In the case of *Abingdon* v. *Tyler*, 6 Cold., 504, where an executor had sold land and taken purchase-money notes payable to himself as executor, this Court said: "The modern and prevalent opinion is that notes of the kind [in question] are assets of ' the original decedent, and pass to and are suable by the administrator *de bonis non.* 1 Parsons on Bills, etc., 155; 2 Swan, 127. However this may be, action may likewise be maintained at law, upon notes of the present kind and form, by the original representative in his representative character, and upon his death by his personal representative. 1 Parsons on Bills, 157; 1 Vern., 473; 2 Redfield on Wills, 192; 1 B. & C., 150."

From these authorities and the facts already recited it seems clear that Wood could have brought this action in his own name, or in his official character, at his election; and that, having elected to pursue the latter course, the note involved should here be treated as an asset of the estate of his intestate, and not as an asset of his own estate.

Having brought the suit in his representative capacity, and died before its termination, we are of opinion that either his own administrator, or an administrator *de bonis non* of Elizabeth Martin,

Wood *v.* Tomlin.

· his intestate, might be entitled to a revivor in his name, the recovery in either case to be subject to all proper accounts between the two estates.

It does not appear that there is an administrator *de bonis non.* Only the administrator of Wood applies for a revivor. The motion is allowed.