. SKILLERN *et al.* v. JAMESON *et al.*

No. 777.    Opinion Filed May 9, 1911.

Rehearing Denied June 8, 1911.

(116 Pac. 193.)

**APPEAL AND ERROR**—Death of Party—Dismissal.    Proceedings in error will be dismissed where, at the expiration of the statutory period for the institution of proceedings in error, it appears from the record that intermediate to final judgment and the filing of proceedings in error in this court a party to the judgment sought to be reversed died, and no order of revivor of the judgment in her favor appears in the record.

(Syllabus by the Court.)

*Error from District Court, Johnston County; A. T. West, Judge.*

Action by F. W. Skillern and others against T. C. Jameson and others. Judgment for defendants, and plaintiffs bring error. Dismissed.

*Cornelius Hardy,,* for plaintiffs in error.

*Alexander Gullett, Young & Stobaugh,* and *M. A. Looney,* for defendants in error.

TURNER, C. J. On July 20, 1904, F. W. Skillern, Miles H. Williams, and J. J. Clark, plaintiffs in error, filed their complaint in the United States court for the Indian Territory, Southern district, at Tishomingo, against T. C. Jameson and four others, and Mary Ann Fillmore, the widow, and the heirs at law (naming them) of Silas Fillmore, deceased, under the laws of descent and distribution of Arkansas, alleging in substance that said Silas died January 21, 1904, having, as a citizen by blood of the ·Chickasaw Nation, filed upon and received his certificate of allotment of certain lands in said nation (describing them); and later, for value, said widow released to said Skillern her dower, and said heirs conveyed to him by warranty deed their respective interests therein; that he later released to his coplaintiffs an undivided two-thirds interest therein, and that by reason of all of which they were owners of said land and in possession thereof; that said Jameson and four others were attempting to set up some kind of fraudulent claim to said land the nature of which would cast a cloud upon their title, and that said widow and heirs were claiming title thereto and attempting to sell said land again, claiming said sale to plaintiff to be void, all of which, they say, cast a cloud upon their title, and pray that the same be quieted. After answer filed, in effect, alleging that plaintiff's deeds were obtained by fraud, and a reference to the master to take the testimony, there was trial to the court, at the close of which, being of opinion that the land did not descend under the laws of Arkansas, but under the laws of descent and distribution of the Chickasaw Nation, in force at the time of the death of said Silas, the court so held, allowed the defendant Mary Ann Fillmore, the widow, to set them up and claim thereunder as the sole heir of said Silas, and, pursuant to her answer and cross-complaint, amended to conform to the proof, quieted her title. The final judgment was rendered and entered January 27, 1909.

Proceedings in error were commenced in this court April 15, 1909. On February 14, 1909, Mary Ann Fillmore died, and the cause was never revived against her heirs. For this reason, and that they are necessary parties to this proceeding, defendants in error move to dismiss this proceeding. As no order of revivor appears in the record, and as the statutory time for instituting proceedings in error has expired, this motion should be sustained.

The doctrine laid down in *Bridge v. Main St. Hotel Co.* (Kan.) 61 Pac. 754, is applicable here. That was an action against Bridge for a money judgment and to foreclose a mortgage. There was judgment for plaintiff, rendered December 28, 1898, making her lien subordinate to that of Walter H. Steele and John Dean, partners as the Horton Hardware Company. She commenced proceedings in error December 26, 1899. On February 11, 1899, said Steele died, and his widow, Mollie, was appointed his administratrix. Efforts to revive in her name in the trial court were ineffectual until November 6, 1899, when the order was made, but not incorporated in the transcript of the record filed in the Supreme Court. On April 18, 1900, counsel for plaintiff in error moved that court to be allowed to amend the transcript by adding thereto said revivor proceedings had in the court below, which the court said would probably have been allowed if in law said amendment could have been added at that late date. For the reason that the introduction of said matter could not be made beyond the statutory period for the commencement of proceedings in error in the Supreme Court, the motion was overruled, and thereupon defendant in error moved to dismiss the appeal because of lack of the necessary parties defendant in the record at the time the cause was filed in that court, or rather at the expiration of the statutory period for the institution of proceedings in error, which was sustained. The court in the syllabus said:

"Proceedings in error will be dismissed where, at the expiration of the statutory period for the institution of proceedings in error, it appears from the record that a party to the judgment sought to be reviewed is not a party to the proceedings in error, though there is a waiver of summons in error by his administra-

trix, where no order of revivor of the judgment in her favor appears in the record."

In *Kuhnert v. Conde*, 39 Kan. 265, 18 Pac. 193, on April 22, 1886, judgment was rendered in the district court in favor of Conde against Kuhnert in a suit in ejectment. On January 23, 1887, Conde died. On April 2, 1887, a petition in error and case-made were filed for Kuhnert in the office of the clerk of the Supreme Court, making Kuhnert plaintiff in error, and purporting to make Conde defendant in error. On January 11, 1888, the judgment was revived in the district court. On April 3, 1888, representatives of Conde appeared specially in the Supreme Court and moved that the case be dismissed. The court said:

"It will be observed that at the time of Conde's death the case was wholly and entirely in the district court, and there is no pretense that anything connected therewith was in the Supreme Court. No attempt had yet been made to bring the case, or anything connected therewith, to the Supreme Court; hence no revivor could at that time have been had, either of the action or of the judgment, except in the district court; and no revivor was attempted in that court, or in any other court, within one year after the time of the rendition of the judgment, or of Conde's death. Before any revivor was had or even attempted, an attempt was made to bring the case to the Supreme Court. Of course, that attempt was abortive."

—And, after holding that the cause had never been legally in said court, dismissed the same. In the syllabus the court said:

"After a judgment was rendered in the district court in favor of the plaintiff, he died; and afterward the defendant, for the purpose of reversing such judgment, filed a petition in error and case in the Supreme Court, purporting to make the former plaintiff, and him only, the defendant in error. More than one year after the judgment was rendered, it was revived in the district court in the names of the representatives and successors of the former plaintiff. Held, that the proceedings in error in the Supreme Court must be dismissed, for the reason that it was not legally brought in the Supreme Court, and there has at no time been any defendant in error."

If we could gather from the record, which we cannot, that all the necessary defendants, except said widow, were defendants in error, and assume that those of them who are alleged

to be sole heirs of Silas were also the sole heirs of his widow, we might hold that, as all parties in interest were before the court, we would entertain jurisdiction; but, inasmuch as there is nothing in the record upon which to base said assumption, we make no intimation of what our holding would be predicated thereon.

For the reasons stated, this proceeding is dismissed.

All the Justices concur.