## ST. LOUIS & S. F. R. CO. v. NELSON.

No. 1293.   Opinion Filed September 12, 1911.

Rehearing Denied November 21, 1911.

(119 Pac. 625.)

**APPEAL AND ERROR**—Dismissal—Death of Defendant in Error.   A person obtained a judgment in the district court, and, after her death, a petition in error, making her the sole party defendant, was filed in this court, and her attorney of record in the district court accepted service of summons in error. **Held**, that the petition in error was a nullity for want of a party defendant in error; and that the appellate court acquired no jurisdiction by the acceptance of service of summons in error by the deceased party's attorney of record; and that the cause should be dismissed.

(Syllabus by the Court.)

*Error from District Court, Jackson County;*

*J. T. Johnson, Judge.*

Action by Gertrude Nelson against the St. Louis & San Francisco Railroad Company.   Judgment for plaintiff, and defendant brings error.   Dismissed.

*W. F. Evans* and *R. A. Kleinschmidt,* for plaintiff in error.

*Guy P. Horton,* for defendant in error.

HAYES, J.   It has been brought to the attention of this court by a motion to dismiss and the affidavit by Fay Nelson, daughter and only heir of defendant in error, that defendant, subsequent to the rendition in the trial court of the judgment attempted to be appealed from in this proceeding and before the filing of the petition in error, died.   Neither the motion nor the affidavit has been controverted by plaintiff in error, and it

therefore must be accepted as true that defendant in error died before this action was attempted to be commenced. A proceeding in error is a new action in this court, and is begun by the filing of the petition in error herein and causing to be issued a summons in error. There has been no revivor of the action in the trial court in the name of the legal representative of deceased, and the only person attempted to be made party defendant in this proceeding is Gertrude Nelson, deceased, before the action was begun. It follows, therefore, that there has never been any defendant in error to this proceeding, and that the petition in error filed herein is a nullity. *Kuhnert v. Conde,* 39 Kan. 265, 18 Pac. 193; *Bridge v. Main St. Hotel Co. et al.,* 61 Pac. 754; *Doble v. Brown et al.,* 20 Ind. App. 12, 50 N. E. 38. Under the statute the summons in error may be served upon the attorney of record in the original case (Comp. Laws 1909, sec. 6069), and service of summons may be waived in writing, either by defendant in error or his attorney (section 6070, *Id*). Counsel of record for Gertrude Nelson in the trial court accepted service of summons in error; but this act on their part cannot have the effect to cure the defect of there being no party defendant in error in this proceeding. The statute contemplates that where a proceeding in error is brought in this court, which may be accomplished by the filing of a petition in error and having summons issued, counsel of record for defendant in error in the trial court may be served, or may waive service of summons; but such action must be begun in this court, and that action cannot be begun without some person as defendant in error. An attorney cannot, by the acceptance of service or waiver thereof, enter the voluntary appearance of a person who was dead before the attempt to begin the action was made. *Ritchey et al. v. Seeley,* 68 Neb. 120, 94 N. W. 972. The statutory period within which a proceeding in error must have been filed in order for this court to review the judgment of the trial court has now expired.

The appeal is dismissed. *Skillern et al. v. Jameson et al.,* 29 Okla. 84, 116 Pac. 193.

All the Justices concur.