### BULLEN v. HUDSON et al.

No. 2705.    Opinion Filed March 12, 1912.

Rehearing Denied June 6, 1912.

(124 Pac. 1.)

**APPEAL AND ERROR—Dismissal—Defective Parties.** A petition in error by one of several defendants against whom judgment was entered jointly for the recovery of a specified sum to which the other defendants are neither made parties plaintiff nor defendant in error must be dismissed for want of necessary parties.

(Syllabus by the Court.)

*Error from Pawnee County Court;*

*N. E. McNeil, Judge.*

Action by Frank Hudson and others against H. B. Bullen and others. Judgment for plaintiffs, and Bullen alone brings error. Dismissed.

*P. W. Cress,* for plaintiff in error. ·

*W. L. Eagleton,* for defendants in error.

KANE, J. This was an action commenced by the defendants in error, plaintiffs below, against the plaintiff in error and the Arkansas Valley Townsite Company and H. C. Hanna, defendants below, on a nonnegotiable promissory note. Upon the trial there was judgment in favor of the plaintiffs against all of the defendants jointly, from which judgment the plaintiff in error alone appealed without making his codefendants either plaintiffs in error or defendants in error.

The defendants in error now move to dismiss the cause upon the ground of nonjoinder of proper parties. The motion to dismiss must be sustained. The record shows that the motion for a new trial was filed on behalf of the plaintiff in error alone, and time to make and serve a case-made was granted to him, but the case-made was served only on the defendant in error Frank Hudson, and that the time and place of settling the case-made was not served upon any one except defendant in error Hudson. No proposition is better settled by this court than that a petition in error by one of several defendants against whom judgment was entered jointly for the recovery of a specified sum to which the other defendants are neither made parties plaintiff nor defendant in error must be dismissed for want of necessary parties. The appeal is dismissed.

TURNER, C. J., and HAYES and DUNN, JJ., concur; WILLIAMS, J., absent, and not participating.