## MAY *et al.* v. FITZPATRICK *et al.*

No. 2444.    Opinion Filed October 8, 1912.

Rehearing Denied November 19, 1912.

(127 Pac. 702.)

1.    **APPEAL AND ERROR—Record—Service of Case-Made.** Where a review of the proceedings of the trial court is sought by means of a case-made, it or a copy thereof having been served upon the attorney of one of the parties after the death of such party without any revivor first having been had, such service is a nullity.

(a)   Such failure to serve said case-made upon such party will operate to prevent the case-made from being considered in this court, when the judgment sought to be reviewed is a joint judgment and the person upon whom service was not had was a party thereto.

2.    **APPEAL AND ERROR—Parties—Bringing in New Parties.** All parties to a joint judgment must be joined in a proceeding in error in this court to review such judgment; either as plaintiffs or defendants in error.

(a)   After the expiration of the time for commencing the proceeding in error, a necessary party to the proceeding in error, in order for this court to acquire jurisdiction thereof, may not then be made for the first time in this court.

(Syllabus by the Court.)

*Error from District Court, Grady County;*
*Frank M. Bailey, Judge.*

Action by James Fitzpatrick and others against Lee May and others. Judgment for plaintiffs, and defendants bring error. Proceeding in error dismissed.

*F. E. Riddle,* for plaintiffs in error.

*Bond & Melton,* for defendants in error.

WILLIAMS, J. On January 18, 1910, the defendants in error, James Fitzpatrick, Silas Fitzpatrick, John Fitzpatrick, Jane Johnson, Sam Brooks, Mattie Lawrence, M. J. Horan, guardian of Stella Brooks, Oliver Brooks, and Belle Brooks, minors, and John Fitzpatrick, Emmett Fitzpatrick, and Grace Fitzpatrick, by

their next friend, Silas Fitzpatrick, with Mary Holmes, as plaintiffs, commenced an action in the district court of Grady county to determine the title to certain real and personal property. Annie May, Lee May, and the Chickasha National Bank, of Chickasha, Okla., were defendants in that action. On October 13, 1910, judgment was entered for the plaintiffs adjudging that Jim Fitzpatrick, Silas Fitzpatrick, Mary Holmes, John Fitzpatrick, Jane Johnson, and the plaintiff in error Lee May were each the owner of an undivided one-ninth interest of the real and personal property involved in said action; that Sam Brooks and Mattie Lawrence were the joint owners of a one-ninth interest, and Oliver Brooks, Stella Brooks, and Belle Brooks were also the joint owners of a one-ninth interest; that John Fitzpatrick, Emmett Fitzpatrick, Robert Fitzpatrick, and Grace Fitzpatrick were the joint owners of a one-ninth interest. The plaintiffs in error, by proceeding in error commenced in this court on May 18, 1911, seek to review this judgment. On December 20, 1910, the said Mary Holmes died, with her husband, William Holmes, and the following children, Silas Holmes, age 24, Elmire Holmes, age 23, Marie Holmes, age 21, Willie M. Holmes, age 19, John R. Holmes, age 14, William P. Holmes, age 11, and Annie J. Holmes, age 7, residing in the city of Chickasha, Okla., surviving her. The defendants in error move to dismiss this appeal for the reason: (1) That no case-made was ever served upon the said Mary Holmes or her proper representative; (2) because the said Mary Holmes is not properly joined as a party to this proceeding.

It appears that no administrator of her said estate has been appointed, nor has any effort been made to revive the proceedings in the lower court. The record discloses that on February 20, 1911, Bond & Melton, as attorneys for the plaintiffs James Fitzpatrick *et al.* (defendants in error), accepted service of the case-made filed in this proceeding. On the 24th day of March (February), 1911, F. E. Riddle, as attorney for Lee May, plaintiff in error, and Bond & Melton, as attorneys for James Fitzpatrick *et al.*, defendants in error, stipulated that the case-made as proposed was true, complete, and correct, and should be settled without further notice, and on February 25th the same was duly

signed and settled. The plaintiffs in error do not controvert the foregoing statement of facts.

With the death of Mrs. Mary Holmes, the authority of Bond & Melton to act as attorneys in her said case ceased, and any acceptance of service of case-made by them for her was void. *Kilgore v. Yarnell et al.,* 24 Okla. 525, 103 Pac. 698; *St. Louis & S. F. R. Co. v. Nelson,* 31 Okla. 51, 119 Pac. 625. However, it does not seem to be contended by the attorneys for plaintiffs in error that there was any valid service of the case-made, or that Mary Holmes or her legal representatives are parties to this proceeding. *Skillern et al. v. Jameson et al.,* 29 Okla. 84, 116 Pac. 193; *St. Louis & S. F. R. Co. v. Nelson, supra.* The only question essential to be determined is as to whether she or her legal representatives or heirs are necessary parties here.

The rule is well settled that the failure to make all parties to a joint judgment parties to the proceeding in error, either as plaintiffs or defendants, defeats the jurisdiction of this court to review the judgment of the trial court. *Strange et al. v. Crismon,* 22 Okla. 841, 98 Pac. 937; *Hughes v. Rhodes,* 25 Okla. 172, 105 Pac. 650; *Vaught v. Miner's Bank of Joplin,* 27 Okla. 100, 111 Pac. 214; *Trugeon et al. v. Gallamore,* 28 Okla. 73, 117 Pac. 797; *Thompson et al. v. Fulton,* 29 Okla. 700, 119 Pac. 244; *Price et al. v. Covington,* 29 Okla. 854, 119 Pac. 626; *Saunders et al. v. Mullen et al.,* 31 Okla. 19, 119 Pac. 963; *Bullen v. Hudson et al.,* 31 Okla. 818, 124 Pac. 1; *Seton v. Hudson,* 31 Okla. 820, 124 Pac. 1.

Counsel for plaintiff in error by motion asks that "the death of Mary Holmes be noted and stated of record, and, in the event the court deems and holds it necessary, that he be permitted to have the heirs or representatives of Mary Holmes made parties hereto." That is not permissible after the expiration of the time in which the proceeding in error may be commenced in this court. *American National Bank v. Mergenthaler Linotype Co.,* 31 Okla. 533, 122 Pac. 507; *St. Louis & S. F. R. Co. v. Nelson, supra.* But see *Boyes et al. v. Masters et al.,* 28 Okla. 409, 114 Pac. 710, 33 L. R. A. (N. S.) 576.

The proceeding in error is therefore dismissed.

TURNER, C. J., and KANE and DUNN, JJ., concur; HAYES, J., not participating.