## NYE v. JONES et ux.

### No. 4205. Opinion Filed November 26, 1912.

#### (128 Pac. 112.)

**APPEAL AND ERROR—Death of Party—Dismissal.** Proceedings in error will be dismissed where, at the expiration of the statutory period for the institution of proceedings in error, it appears from the record that intermediate to final judgment and the filing of proceedings in error in this court a party to the judgment sought to be reversed died, and no order of revivor of the judgment in her favor appears in the record.

(Syllabus by the Court.)

*Error from District Court, Okfuskee County;*
*John Carruthers, Judge.*

Action by Henry C. Jones and Malissa Jones against Luther A. Nye. Judgment for plaintiffs, and defendant brings error. Dismissed.

*C. T. Huddleston,* for plaintiff in error.

*Wells & Lee,* for defendants in error.

TURNER, C. J. On September 6, 1910, Henry C. Jones and Malissa Jones, his wife, sued Luther A. Nye, plaintiff in error, in the district court of Okfuskee county in damages for $3,000

for the breach of a written contract to convey them a certain piece of land in Pottawatomie county. After issue joined there was trial to a jury, and judgment for plaintiffs for $1,800 damages was rendered and entered October 11, 1911, and defendant seeks to bring the case here.

On May 15, 1912, pursuant to time granted by the court, a case-made purports to have been served on the "attorneys for plaintiffs," and on July 20, 1912, the same, with petition in error thereto attached, was filed in this court, and summons in error duly served on Malissa Jones only, for the reason that intermediate the judgment and the filing of petition in error and case-made in this court, to wit, on February 20, 1912, Henry C. Jones died, leaving him surviving heirs at law. On March 7, 1912, Malissa Jones was appointed and duly qualified as administratrix of Henry C. Jones in the county court of Lincoln county.

As no order of revivor of the judgment appears of record to have been granted by the trial court in the name of the administratrix of Henry C. Jones, and as the statutory time for instituting proceedings in error has expired, the motion to dismiss for want of a necessary party should be sustained. In *Skillern et al. v. Jameson et al.,* 29 Okla. 84, 116 Pac. 193, the syllabus provides:

"Proceedings in error will be dismissed where, at the expiration of the statutory period for the institution of proceedings in error, it appears from the record that intermediate to final judgment and the filing of proceedings in error in this court a party to the judgment sought to be reversed died, and no order of revivor of the judgment in her favor appears in the record."

See, also, *Am. Nat. Bk. et al. v. Merganthaler, etc., Co.,* 31 Okla. 533, 122 Pac. 507, *Kilgore v. Yarnell,* 24 Okla. 525, 103 Pac. 698, *St. L. & S. F. Ry. Co. v. Nelson,* 31 Okla. 51, 119 Pac. 625, and *Lee May v. Fitzpatrick, ante,* 127 Pac. 702.

For the reasons stated, this proceeding is dismissed.

All the Justices concur.