## HOLMES *et al.* v. DILLARD.

No. 5459. Opinion Filed October 7, 1913.

Rehearing Denied January 13, 1914.

(136 Pac. 408.)

**APPEAL AND ERROR**—Dismissal—Death of Party. Proceedings in error will be dismissed where, at the expiration of the statutory period for the institution of proceedings in error, it appears from the record that, intermediate to final judgment and the filing of proceedings in error in this court, a party to the judgment sought to be reversed died and no order of revivor of the judgment in her favor appears in the record.

(Syllabus by the Court.)

Holmes et al. v. Dillard.

*Error from County Court, Carter County;*
*W. F. Freeman, Judge.*

Action between Edward R. Holmes and others and Gill Dillard. From an adverse judgment, the parties first named bring error. Dismissed.

*J. B. Moore,* for plaintiffs in error.

*Sigler & Howard,* for defendant in error.

KANE, J. This cause comes on to be heard upon the motion of the defendant in error to dismiss the appeal, upon the ground that the order appealed from was entered on the 28th day of February, 1913, and the petition in error with case-made attached was filed in this court on the 11th day of August, 1913; that intermediate to the judgment and filing of the petition in error, one of the plaintiffs in error, against whom the judgment was rendered below, and one of the persons who prayed the appeal, died, and his death has not been suggested, and the cause has not been revived in the name of his personal representative.

The motion to dismiss must be sustained upon the authority of *Nye v. Jones et ux.,* 35 Okla. 96, 128 Pac. 112, and *Skillern et al. v. Jameson et al.,* 29 Okla. 84, 116 Pac. 193, wherein it was held that:

"Proceedings in error will be dismissed where, at the expiration of the statutory period for the institution of proceedings in error, it appears from the record that, intermediate to final judgment and the filing of proceedings in error in this court, a party to the judgment sought to be reversed died, and no order of revivor of the judgment in her favor appears in the record."

The motion to dismiss is therefore sustained.

All the Justices concur.