## GRAYSON v. CHISSO *et al.*

No 4346.   Opinion Filed July 13, 1915.

(150 Pac. 697.)

**WILLS—Probate—Parties—Dismissal—Revivor.** On appeal from a judgment of the district court denying the probate of a will, all adverse parties are necessary parties; and in case of the death of any of such parties pending the appeal, it will be dismissed for want of jurisdiction, unless there has been a proper revivor.

(Syllabus by the Court.)

*Error from District Court, Tulsa County;*

*L. M. Poe, Judge.*

Application by William Grayson for probate of the will of Hilly Hays, *nee* Bear, deceased, contested by Lena Chisso and others.   From a judgment denying probate on appeal to the district court, proponent brings error.   Dismissed.

*Martin & Moss,* for plaintiff in error.

*J. T. Smith,* for defendant in error Hays.

*Rice & Lyons,* for defendant in error Chisso.

*Biddison & Campbell,* for defendants in error Tiger and Simmons.

BROWN, J.   This case comes to us on the motion of Marchie Hays, one of the defendants in error, by John E. Faught, guardian, to substitute said guardian as party defendant, and to dismiss the appeal herein pending.   The motion alleges in substance:   That on the 15th day of March, 1915, defendant in error Marchie Hays was duly adjudged an incompetent by the county court of Creek county; that movant herein, John E. Faught, was duly appointed guardian of said Machie Hays, and that said guardian was duly qualified and is now the legally acting

guardian of the said Marchie Hays.    That this cause
originated in the county court of Tulsa county by the filing
by William Grayson, plaintiff in error, of his application,
to which was attached a purported will of Hilly Hays, *nee*
Bear, asking that said purported will be probated as the
last will and testament of Hilly Hays, deceased, which will
purported to bequeath to plaintiff in error, William Gray-
son, and certain purported relatives and beneficiaries,
to wit, Marchie Hays, Lena Chisso, Charley Simmons,
Tilda Tiger (or McIntosh), and Addie Nero, a large
amount of property, both personal and real; that notice
was given to all of said beneficiaries and purported heirs
at law of said Hilly Hays of said proceedings, and a
hearing was had thereon in the county court of Tulsa
county; that by order of said county court said will was
duly admitted to probate, from which action an appeal
was taken to the district court by Marchie Hays, husband
of said Hilly Hays, and also by Charley Simmons and
Tilda Tiger; that both of said appeals were heard together
by the district court, in which hearing the said district
court in one order disallowed and refused the probate of
said will and remanded the case to the county court for
administration in due course.    From that action the said
William Grayson, proponent, brings the case to this court.

The motion to dismiss shows further, as grounds
therefor, that the interest claimed by the said William
Grayson is adverse to the interests claimed by each of the
defendants in error, and that the interest of the said
Marchie Hays is adverse to that claimed by the other
defendants in error herein.    It is further alleged that
said Addie Nero was a beneficiary under said purported
will, and claimed to be an heir at law of said Hilly Hays,
and was served with notice and was present at the hear-
ing in the county court, and that subsequent to said judg-
ment of the county court, and prior to the hearing in the

district court, the said Addie Nero died; that this cause has not been revived in the name of the heirs or personal representative of said Addie Nero, deceased, and that the failure to perfect said appeal as to said Addie Nero, deceased, makes a defect of parties in this court, for which it is claimed the appeal should be dismissed. It is alleged, also, that the death of the said Addie Nero was well known to the said plaintiff in error and his attorneys at the time of the hearing in the district court. It is further alleged in said motion that subsequent to the appeal to this court from the judgment of the district court, and " some. time in the year 1912," Lena Chisso, who was one of the beneficiaries under said purported will, and who claimed to be one of the heirs at law of the said Hilly Hays, and who was represented in the said hearing in the district court by Rice & Lyons, her attorneys, departed this life, and that thereafter (the date not appearing) an administrator of her estate was duly appointed; that a short time after the death of the said Lena Chisso the plaintiff in error herein, William Grayson, and his attorneys of record, were fully advised of the death of said Lena Chisso, and that said cause has not been revived in the name of her heirs or representatives, which makes a defect of parties herein, for which the appeal should be dismissed. The motion further alleges that movant believes and is advised that neither the heirs at law of said Lena Chisso nor her personal representatives will consent to the cause being revived in their names, and more than a year has elapsed since the death of said Lena Chisso, and that said cause is not now entitled to be revived. It is further alleged that subsequent to the appeal to this court from the district court, Tilda Tiger, who claimed to be an heir at law of the said Hilly Hays, and who was a beneficiary under said purported will, and filed a protest to the probate thereof in the county court, and opposed the same in the district court, died (the date of her death

not appearing), and that this proceeding has never been revived in the name of her heirs or personal representatives, and that movant is advised and believes that the said heirs or personal representatives will not consent to said revival.

The prayer of said motion is that said John E. Faught, as guardian of the estate of Marchie Hays, incompetent, be substituted as a defendant in error, and that the appeal be dismissed at the cost of the plaintiff in error. The motion is verified by the affidavit of the said John E. Faught, and was served upon all the opposite parties on the 10th day of June, 1915, and no answer thereto has been filed.

We think the motion states grounds for dismissal of the appeal. In the case of *Nye v. Jones,* 35 Okla. 96, 128 Pac. 112, it was held by this court:

"Proceedings in error will be dismissed where, at the expiration of the statutory period for the institution of proceedings in error, it appears from the record that, intermediate to final judgment and the filing of proceedings in error in the Supreme Court, a party to the judgment sought to be reversed died, and no order of revivor of the judgment in her favor appears in the record."

In the case of *Atchison, T. & S. F. R. Co. v. Fenton,* 32 Okla. 614, 123 Pac. 169, this court held as follows:

"Under Comp. Laws 1909, sec. 5957 (Rev. Laws 1910, sec. 5293), providing that an order to revive an action against the representatives or successors of a defendant, against their consent, cannot be made, except within one year from the time it could have been first made, an appeal will be dismissed on motion, where defendant in error died pending the appeal, and the action has not been revived within a year, and the successors of deceased refuse to consent to a revival."

On the authority of the above case, and other similar cases decided by this court, the appeal is dismissed.

All the Justices concur.