## In re McCANN'S ESTATE.

No. 5393.  Opinion Filed September 14, 1915.

(151 Pac. 887.)

**EXECUTORS AND ADMINISTRATORS—Sale of Property—Procedure —Parties—Review.**  In an action against the estate of a deceased person, the administrator is a necessary party to the proceeding in the trial court, and also to an appeal from an order or judgment denying the application of a judgment creditor for an order directing the administrator to sell real estate, and where upon such an appeal no summons in error is served upon the administrator and no appearance or waiver is entered by him or on his behalf, and the case-made is not served upon him, and the time for correcting such error has expired, the appeal will be dismissed.

(Syllabus by Galbraith, C.)

*Appeal from District Court, Haskell County;*
*C. W. Brewer, Special Judge.*

In the matter of the estate of Austin McCann, deceased.  From a judgment of the district court affirming judgment of the county court denying a petition for the sale of real estate, the Jefferson Trust Company appeals. Dismissed.

*E. O. Clark,* for plaintiff in error.

*Guy A. Curry,* for defendant in error.

Opinion by GALBRAITH, C. The Jefferson Trust Company, a judgment creditor of the estate of Austin McCann, deceased, presented a petition to the county court of Haskell county, where the estate of Austin McCann was being administered, to sell certain real estate belonging to said estate for the purpose of paying its said claim and other debts. Upon a hearing this petition was denied and the order of sale refused. An appeal was duly perfected to the district court. Upon a trial there the judgment of the county court was affirmed. To review that judgment the cause has been brought to this court by petition in error and case-made.

A motion is here made to dismiss the appeal for want of necessary parties. It appears that one J. O. Kenworthy was the administrator of the estate of Austin McCann, deceased, and that the judgment of the Jefferson Trust Company was rendered against him as such administrator, and that he was a necessary party to the proceeding in the court below. Kenworthy was not made a party to this appeal. No summons in error was issued and served upon him, nor was there a waiver or an appearance entered by him or in his behalf in this court. The case-made was not served upon him. The judgment appealed from was entered upon the 24th day of March, 1913. The time for correcting the defect of parties to the appeal has long since passed. The failure to make the administrator a party to this appeal is fatal to the jurisdiction of this court. In his absence the merits of the cause cannot be passed upon. *Jones v. Midland Savings & Loan Co. et al.,* 43 Okla. 601, 143 Pac. 667; *Grayson v. Chisso et al.,* 47 Okla. 713, 150 Pac. 697.

The appeal should therefore be dismissed.

By the Court: It is so ordered.