## MOSS *et al.* v. RAMSEY.

No. 7163.  Opinion Filed December 7, 1915.

(153 Pac. 843.)

1. **EXECUTORS AND ADMINISTRATORS—Death of Administrator—Proceedings in Error.** A proceeding in error against an administrator, who died subsequent to the date final judgment was rendered in the trial court, and prior to the filing of such proceeding in error in this court, should be revived in the name of the administrator de bonis non.

2. **APPEAL AND ERROR—Dismissal—Death of Party—Revivor.** Proceedings in error will be dismissed where, at the expiration of the statutory period for the institution of proceedings in error, it appears from the record that, intermediate the final judgment and the filing of proceedings in error in this court, the sole plaintiff, in the judgment sought to be reviewed, died, and no order of revivor appears in the record.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*H. C. Thurman, Judge.*

Action by Henry Ramsey, administrator of the estate of Oliver Jackson, deceased, against E. K. Moss and another.  Judgment for plaintiff, and defendants bring error.  Dismissed.

*W. W. Momyer,* for plaintiffs in error.

*S. E. Gidney,* for defendant in error.

SHARP, J.  Judgment was rendered in the trial court September 25, 1914, in favor of Henry Ramsey, administrator of the estate of Oliver Jackson, against the plaintiffs in error, E. K. Moss and N. K. Farmer, Jr.  September 28th thereafter Ramsey died.  Petition in error with case-made attached was filed in this court February 17, 1915; Henry Ramsey, administrator, being named as

the sole defendant in error. Motion to dismiss the appeal has been filed, for the reason that, as said, Ramsey died intermediate the date of judgment in the trial court and the filing of the petition in error in this court, and no revivor of the judgment in his favor having at any time been had, the petition in error is a nullity.

Under the provisions of section 5280, Rev. Laws 1910, the action was one that survived the death of Ramsey. In order, however, for the defendants to procure a reversal of the judgment against them, it was necessary that there be a revivor of the action in the manner and form prescribed by statute. No attempt whatever to procure such an order of revivor has ever been made, and hence, under section 5295, Rev. Laws 1910, it is mandatory that the proceedings in error be dismissed. The precise question was before the court in *St. Louis & S. F. R. Co. v. Nelson,* 31 Okla. 51, 119 Pac. 625. Subsequent to the judgment in that case the plaintiff died. A petition in error was filed, naming the plaintiff, then deceased, as the sole defendant in error. It was held that the proceedings in error were a nullity; that, the defendant in error named in the petition in error being dead, and the action not having been revived before the expiration of the time within which the appeal must be filed, it followed that there was no defendant in error before the court; and hence that any proceedings had therein were void. See, also, *Skillern v. Jameson,* 29 Okla. 84, 116 Pac. 193; *Holmes v. Dillard,* 40 Okla. 309, 136 Pac. 408.

By section 5285, Rev. Laws 1910:

"When one of the parties to an action dies * * * if the right of action survive in favor of or against his representative or successors, the action may be revived and proceed in their names."

One Kinney, having been appointed by the county court of Muskogee county administrator *de bonis non* of the estate of Oliver Jackson, deceased, was, under this statute, the proper person in whom the action or judgment should have been revived. He was the successor in office of the original administrator, and succeeded to all the power and lawful authority belonging to said administrator in his official capacity as to all that part of the estate of Oliver Jackson left unadministered. Such was the holding of the court in *Bunker v. Taylor*, 13 S. D. 433, 18 N. W. 555. There the words of the statute were "successor in interest." These, the court said, included the administrator of the estate, appointed in the place of a deceased executor. To the same effect is the holding of the courts generally. It is said in 1 C. J., p. 229, that as a general rule, where an administrator or executor brings an action in his official capacity, and dies pending the suit, the administrator *de bonis non* of the original decedent or other successor of the deceased representative should continue the suit. In *Parks v. Lubbock,* 92 Tex. 635, 51 S. W. 322, a pending action against an executrix upon her death was revived against the administrator *de bonis non,* and the regularity of the proceedings does not appear to have been questioned. In *Jones v. Jones, Adm'r,* 8 Humph. (Tenn.) 705, it was said that, where an administrator dies, the remedy of the creditors of the estate of which he was administrator is not against the administrator of the deceased administrator, but against the administrator *de bonis non* of such estate. To the same effect is the subsequent opinion in *Wood v. Tomlin,* 92 Tenn. 514, 22 S. W. 206, where it is held that upon the death of an administrator or executor no interest in property left unadministered is transmissible to the representative of the de-

ceased administrator, but all such property as remains in specie or is capable of being identified as the specific property of the estate represented by him passes to the administrator *de bonis non* of the original testator or intestate. Such administrator succeeds to all of the power, authority, and legal duties belonging to the former executor or administrator in his representative capacity, so far as respects that part of the estate left unadministered, and takes up the administration where his predecessor left it. In *Holliday, Adm'r, v. Holland et ux.*, 41 Miss. 528, it was held, in a proceeding commenced in the probate court by the widow against the administrator of her deceased husband, upon the death of the administrator, that the action was not to be revived against his personal representative, but against the administrator *de bonis* of the husband. See, also, *Greer v. Howard*, 41 Ohio St. 591.

For the reason stated, the appeal is dismissed.

All the Justices concur.