## OLDS v. ATCHINSON, T. & S. F. Ry. CO.

No. 9237—Opinion Filed Aug. 13, 1918.

Rehearing Denied Sept. 24, 1918.

(175 Pac. 230.)

**1. Abatement and Revival—Death of Party After Judgment—Revivor—Validity.**

A judgment was rendered in a trial court, and after rendition of such judgment plaintiff died, prior to perfecting an appeal to this court. The cause was revived in the trial court without consent and without notice, in the name of the administrator of the estate of the plaintiff, and more than 12 months have elapsed since the rendition of said judgment. Held, that the court below acted entirely without jurisdiction, and that there was no legal and proper revivor in the court below, and no plaintiff in error legally brought before this court.

**2. Appeal and Error—Death of Party—Illegal Revivor—Waiver.**

Where a cause is revived in the name of

the administrator of a deceased party, and such revivor is made without consent or notice, as required by section 5288, Rev. Laws 1910, the suggestion of amendments to a case-made after the entry of such illegal order of revivor is not a general appearance, such as to waive the invalid order of revivor and give this court jurisdiction to hear and determine the appeal.

### 3. Same—Jurisdiction on Appeal.

On appeal to this court that parties thereto must be properly brought before this court is jurisdictional, and where it appears from the records that the cause after judgment and before appeal to this court was attempted to be revived without consent or notice, this court is without jurisdiction to hear and determine such appeal, and such want of jurisdiction may be raised at any time.

(Syllabus by Collier, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by H. C. Olds, administrator of M. M. Meek, against the Atchison, Topeka & Santa Fe Railway Company. Judgment for defendant, and plaintiff brings error. Dismissed.

Harvey C. Olds, Milton Brown, and Twyford & Smith, for plaintiff in error.

Cottingham & Hayes, George M. Green, and Charles H. Woods, for defendant in error.

Opinion by COLLIER, C. This action was brought by the plaintiff in error to recover damages for injuries resulting to the minor son of plaintiff in error by reason of the explosion of a dynamite cap which came into the possession of said minor son by reason of the negligence of the defendant in error. On September 18, 1915, judgment was rendered for the defendant, and a motion for new trial was overruled on the 26th day of December, 1916, and the plaintiff given time in which to prepare and serve a case-made. Prior to the signing of the case-made, the plaintiff died, and thereupon his death was suggested, and on June 15, 1918, the following journal entry appears:

"In the District Court of Oklahoma County, Oklahoma.

"M. M. Meek, Plaintiff, v. Atchinson, Topeka & Santa Fe Railway Company, Defendant.

"No. 15792.

"Journal Entry.

"Now on this the 14th day of June, A. D. 1917, came Milton Brown, attorney for the plaintiff in the above-entitled action, and suggests the death of said plaintiff, M. M. Meek, as having occurred on the 4th day of June, 1917, and that H. C. Olds has been appointed administrator of the estate of said deceased, and asks that said action be revived in the name of said administrator; and the court being advised in the premises, it is ordered that the above-entitled action and the proceedings therein be, and the same are hereby," revived in the name of H. C. Olds, administrator of the estate of M. M. Meek, deceased, as plaintiff; and that the further proceedings herein proceed in the name of H. C. Olds, administrator of the estate of M. M. Meek, deceased, as plaintiff herein.

"Edward Dewes Oldfield, District Judge."

"Filed June 15, 1917,. James Beaty, Court Clerk, Oklahoma County, Oklahoma, by ——, Deputy."

On the 18th day of June, 1917, notice was served upon the defendant of a time and place in which the case-made would be presented to be settled and signed. On the 22d day of June, 1917, said case-made, in which M. M. Meek appears as plaintiff and the Atchison, Topeka & Santa Fe Railway Company as defendant, was signed by the trial judge. The judge's certificate recites that amendments had been suggested and allowed in part and disallowed in part.

We are first met with a motion to dismiss this appeal upon the ground:

"That no proper plaintiff in error appears in this court in this case, and that this court is without jurisdiction to determine this appeal."

It is contended by the plaintiff in error that, notwithstanding there was a failure of consent or notice of the revivor of this action in the name of the administrator, the defendant having suggested amendments to the case-made, such action on the part of the defendant was a general appearance and waives the defect in the revivor in the name of the administrator by reason of a failure to have secured consent to or have given notice of such revivor. We are of the opinion that the failure to secure consent or to give notice as required by section 5288, R. L. 1910, makes the attempted revivor in this case a nullity, and that there is no proper plaintiff in error in this court in this cause, and that this court is without jurisdiction to hear and determine this appeal, unless the suggestion of amendments of the case-made constitutes such a general appearance as to be a waiver of the said failure to secure consent or give notice, in making said administrator a party to this action.

In Zahn v. Obert, 60 Okla. 118, 159 Pac. 298, it is held:

"The order of revivor in this cause, made by the trial court on September 7, 1915,

within the year, but without consent, and without notice, is utterly null and absolutely void and the court below acted entirely without jurisdiction; and, there being no legal and proper revivor in the court below, where such revivor would of necessity have to be made for the reason that this action was pending in such court at the time of his death, no plaintiff in error is legally brought before this court in the proceedings in error, and more than six months, the time fixed by law in which to commence proceedings in error in this court, having elapsed, there is no judgment of the court below, and no revived cause of action brought up for this court to hear, consider, and determine. This action cannot be revived here, for the obvious reason that the plaintiff in error, plaintiff below, did not die while the action was pending in this court on appeal."

The facts in the instant case are almost identical with the facts in the case of Zahn v. Obert, supra, and under said facts this court is without jurisdiction to hear and determine this appeal, unless the suggestion of amendments to the case-made was such a general appearance as to waive failure to secure consent or give notice of the attempted revivor in this cause.

It is not shown by the record that consent to revive or notice thereof was given, or is it suggested by the plaintiff in error that such consent was had or notice given; the sole contention of the plaintiff in error being that the suggestion of amendments to the case-made by the attorney of defendant in error was a general appearance, and a waiver of the failure to secure consent or give notice of the attempted revivor, and with this contention we cannot agree.

We have not been favored with an authority by the defendant in error contra to the insistence of the plaintiff in error that the suggestion by defendant in error of amendments to the case-made constituted a general appearance, and a waiver of the failure to secure consent or give notice of the revivor in the name of the administrator, and the only case cited by the plaintiff in error in support of his said contention as to defendant having made a general appearance by suggesting amendments to the case-made and thereby waived the consent to or notice of the attempted revivor is Brooks, Executor, v. Northey et al., 48 Wis. 455, 4 N. W. 589, and we are of the opinion that said case is not in point.

In Moss et al. v. Ramsey, 49 Okla. 499, 153 Pac. 843, it is held:

"Proceedings in error will be dismissed where, at the expiration of the statutory period for the institution of proceedings

in error, it appears from the record that, intermediate to the final judgment and the filing of proceedings in error in this court, the sole plaintiff, in the judgment sought to be revived, died, and no order of revivor appears in the record."

In Kilgore v. Yarnell, 24 Okla. 525, 103 Pac. 698, it is held:

"Where a proceeding in error is instituted in the court by the plaintiff in the court below, as plaintiff in error here, against the deceased defendant and the administratrix of his estate, as defendants in error, the action not having been revived against such representative in the court below nor any consent having been given in such court to such revivor, nor any summons, or notice having been issued as required by section 4618, Wilson's Rev. & Ann. St. 1903, and 12 months having elapsed from the date of the order complained of, held that, the administratrix not having been made a party in any way to the proceedings below, this court has not jurisdiction to review such order."

In the body of the opinion Justice Williams says:

"It is insisted by the plaintiff in error that the defendant in error Mrs. A. M. Yarnell, as administratrix of the estate of Thomas F. Yarnell, deceased, through her attorney, A. J. Morris, as such, entered an appearance in the court below. It is a well-recognized rule that when an attorney enters an appearance he is presumed to have authority so to do; but in this case the question is: Did the acts as they appear in the record constitute an appearance? On the 17th day of May, 1907, A. J. Morris, as 'attorney for Thos. F. Yarnell and Mrs. A. M. Yarnell, administratrix of the estate of Thos. F. Yarnell, deceased,' accepted service of the case-made as follows: 'I, the undersigned attorney of record for Thos. F. Yarnell, and of Mrs. A. M. Yarnell, administratrix of the estate of Thos. F. Yarnell, deceased, defendant in the above cause, hereby acknowledge and certify that the foregoing case-made was duly served upon us this 17th day of May, 1917.' On the same date the same attorney waived notice of the signing and settling of the case-made as follows: 'Notice of settling and signing the foregoing case-made in the above-entitled cause is hereby waived, and I hereby agree that said case-made may be settled and signed whenever the same may be presented and in my absence upon the case-made as served and the amendments suggested by me and attached to the case-made. [Signed] A. J. Morris, Attorney for Defendant and Attorney for Mrs. A. M. Yarnell, Administratrix of Estate of T. F. Yarnell, Deceased.' The suggested amendments are made by A. J. Morris as 'attorney for the defendant.' We are unable to see that those acts constituted an appearance."

That proper parties must be brought to this case is fundamental, and does not need citation of authorities in support thereof, and in the absence of a plaintiff in error, on proper motion an appeal must be dismissed. In the instant case, there being no consent obtained or notice given of the attempted revivor, there was in law no revivor, and, therefore, the absence of a plaintiff in error, and consequently this court is without jurisdiction to entertain the appeal.

In Skillern et al. v. Jameson et al., 29 Okla. 84, 116 Pac. 193, it is held:

"Proceedings in error will be dismissed where, at the expiration of the statutory period for the institution of proceedings in error, it appears from the record that intermediate to final judgment and the filing of proceedings in error in this court a party to the judgment sought to be reversed died, and no order of revivor of the judgment in her favor appears in the record."

In St. Louis & S. F. R. Co. v. Nelson, 31 Okla. 51, 119 Pac. 625, it is held:

"A person obtained a judgment in the district court, and, after her death, a petition in error, making her the sole party defendant, was filed in this court, and her attorney of record in the district court accepted service of summons in error. Held, that the petition in error was a nullity for want of a party defendant in error; and that the appellate court acquired no jurisdiction by the acceptance of service of summons in error by the deceased party's attorney of record; and that the cause should be dismissed."

In the body of the opinion it is said:

"The statute contemplates that where a proceeding in error is brought in this court, which may be accomplished by the filing of a petition in error and having summons issued counsel of record for defendant in error in the trial court may be served, or may waive service of summons: but such action must be begun in this court, and that action cannot be begun without some person as defendant in error. An attorney cannot, by the acceptance of service or waiver thereof, enter the voluntary appearance of a person who was dead before the attempt to begin the action was made. Ritchey et al. v. Seeley, 68 Neb. 120 [93 N. W. 977] 94 N. W. 972 [97 N. W. 818]. The statutory period within which a proceeding in error must have been filed in order for this court to review the judgment of the trial court has now expired."

Certainly, if the defendant's attorney cannot legally waive summons in error where the party died subsequent to the rendition of the judgment appealed from and where the cause has not been legally revived, the suggestion of amendments to the case-made in the instant case would not make a proper party plaintiff in this court, and give this court jurisdiction to determine the appeal.

We are of the opinion that the failure to give notice or to secure consent for revivor of the cause was not cured by the suggestion of amendments to the case-made by the attorney of record of the defendant in error, and therefore the motion to dismiss this appeal is well taken and should be sustained.

Appeal dismissed.

By the Court: It is so ordered.