## NICHOLS v. BEARDSLEY et al.

No. 19710.   Opinion Filed Dec. 11, 1928.

W. H. Vann, for plaintiff in error.

Streeter Speakman, for defendants in error.

PER CURIAM. This is an appeal from an order of the district court of Creek county vacating a judgment formerly rendered in said cause. The order from which this appeal is taken was made in the trial court on the 5th day of March, 1928. The defendant in error F. M. Coonrod has filed in this court his motion to dismiss the appeal for the reason that subsequent to the rendition of the judgment or order appealed from and prior to the filing of this appeal, and on April 1, 1928, D. Beardsley, named as defendant in error, died, and that no revivor of the cause in the name of his heirs or legal representative had been made in the trial court. Plaintiff in error has responded to this motion, and admits the death of the defendant in error D. Beardsley as set forth in the motion to dismiss the appeal.

The motion to dismiss is well taken. In the case of Grace v. Home State Bank of Tecumseh et al., 88 Okla. 24, 210 Pac. 1022, this court announced the rule governing such cases as follows:

"Where one of the parties died and the case was not revived in the trial court between the time of final judgment and the expiration of the statutory period for filing appeal in this court, the appeal will be dismissed."

The rule thus announced is supported by the cases of Skillern v. Jameson, 29 Okla. 84, 116 Pac. 193; Nye v. Jones, 35 Okla. 96, 128 Pac. 112; May v. Fitzpatrick, 35 Okla. 45, 127 Pac. 702, and a number of other cases decided by this court. In the case of Skillern v. Jameson, supra, this court announced the following rule:

"Proceedings in error will be dismissed where, at the expiration of the statutory period for the institution of proceedings in error, it appears from the record that intermediate to final judgment and the filing of proceedings in error in this court a party to the judgment sought to be reversed died, and no order of revivor of the judgment in her favor appears in the record."

The plaintiff in error in her response to the motion to dismiss asserts she did not know of the death of Beardsley until after the petition in error was filed on September 5, 1928. At the hearing had in the trial court, when the order appealed from was entered, it was shown that at that time Beardsley was confined in a hospital seriously ill, and had been so confined for about two months, and that he probably would not recover. With this information plaintiff in error should have informed herself, and with reasonable diligence could have ascertained the death of Beardsley. Ample

time expired after his death, April 1, 1928, to have obtained a revivor of the cause in the trial court before the filing of the petition in error in this court on September 5, 1928.

Under this state of the record, the rule announced in the above authorities cited is applied, and the appeal in this cause is dismissed.