EDWARD C. DAVIES *et al.*

*v.*

NELLIE BROOKS *et al.*

*Opinion filed December 22, 1904.*

APPEALS AND ERRORS—*when appeal will be dismissed.* An appeal will be dismissed where the real purpose is not to obtain a reversal of the decree but to have it affirmed, there being no actual controversy of fact or law to be decided.

APPEAL from the Circuit Court of Piatt county; the Hon. W. G. COCHRAN, Judge, presiding.

W. G. CLOYD, for appellants.

M. R. DAVIDSON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellees filed their bill in the circuit court of Piatt county, as heirs-at-law of Edmund Davies, deceased, to contest his will, alleging a want of testamentary capacity and the exercise of undue influence by certain of the legatees and

devisees and the executors. The executors, who were also trustees under the will, and all parties interested, were made defendants. One of the adult defendants was insane and several of them were minors. One of the executors was appointed guardian *al litem* for the insane and infant defendants. Answers and replications were filed and an issue was formed as to the validity of the will. After a trial which resulted in a disagreement of the jury, a supplemental bill was filed, in which complainants alleged that on the trial twenty-five different witnesses testified to the competency of the testator and an equal number testified to the contrary; that the jury, during all their retirement, were equally divided on the question; that after the trial complainants and the adult defendants agreed upon a settlement and compromise of the controversy, by which complainants were to receive $9000 in cash and the will was to be confirmed as the last will and testament of Edmund Davies, deceased; that the guardian *ad litem* accepted and agreed to the settlement on behalf of the insane and infant defendants, provided the court had jurisdiction to decree the settlement and found it for the best interest of the minors; that it would be necessary for the executors and trustees to borrow money and mortgage real estate of the testator to procure funds to carry out the settlement, and that the settlement was for the best interests of all parties. Complainants prayed for a decree in accordance with the terms of the settlement. The adult defendants, including the parents of the infant defendants, filed answers admitting the facts stated in the supplemental bill and consenting to and praying for a decree enforcing the settlement as being in their interest and that of their minor children. The guardian *ad litem* answered, also admitting the allegations of the supplemental bill and that he had accepted the proposition and settlement provided the court had jurisdiction to carry it out by a decree and it should be considered for the best interests of the insane and infant defendants. He alleged that the result of another trial would be uncertain and

doubtful and that it would be for the best interests of the defendants to carry out the settlement, and he submitted to the court the rights and interests of the parties he represented. The court thereupon entered a decree in accordance with the prayer of the supplemental bill, confirming the settlement and authorizing the executors and trustees to borrow money and mortgage lands of the estate to pay existing mortgages and the $9000 which complainants were to receive. From that decree the guardian *ad litem* took this appeal and assigned as error the entry of the decree.

The purpose of this appeal is not to obtain a reversal of the decree but to have it affirmed. There is no controversy of fact or law to be decided. There is no evidence in the record, and the decree was rendered upon the bill and the answers admitting its averments. Counsel for appellants says that the record shows that all parties accepted the settlement and asked that it be confirmed and carried into effect; that the parents of the minors advised and suggested to the court that it should be done; that it is the wish of all parties that the settlement should be made without exhausting or impoverishing the estate, and that the case of *Williams* v. *Williams,* 204 Ill. 44, is authority for upholding and enforcing such a compromise, which secures and promotes the interests of defendants incapable of acting for themselves. Although questions are suggested by counsel, it is plain that the desire and intention is to have the decree affirmed. Counsel for appellees agrees fully with counsel for appellants, both as to the fact and the law. There is no actual controversy, and the appeal will be dismissed. (2 Cyc. 533.)

Accordingly the appeal is dismissed.

*Appeal dismissed.*