## EDWARDS *et al., Board of Trustees,* v. WELCH.

No. 902. Opinion Filed July 11, 1911.

(116 Pac. 791.)

**APPEAL AND ERROR** — Moot Questions — Dismissal. The Supreme Court will not decide abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; John H. King, Judge.*

Mandamus by J. T. Welch against R. M. Edwards and others, composing the Board of Trustees of Ft. Gibson. Writ issued, and defendants bring error. Proceeding dismissed.

*De Roos Bailey* and *W. E. Wyand,* for plaintiffs in error.

*Cook & De Graffenried* and *A. A. Davidson,* for defendant in error.

KANE, J. This proceeding in error was commenced for the purpose of reviewing an order of the court below granting a peremptory writ of mandamus, which required the plaintiffs in error to restore to the defendant in error the office of marshal of the town of Ft. Gibson, from which he had been removed by the board of trustees of said town. It seems that Mr. Welch was elected marshal of said town at the regular election held for such

office at the time required by law in the year 1908, and that he duly qualified, entered into and took possession thereof, and continued to serve up to the 14th day of May, 1909, at which time the said office was declared to be vacant by said board of trustees and another person appointed to fill the vacancy. It seems that at the election held on the 27th day of April, 1909, for the election of city officers, no successor to said Welch was elected. It is the contention of counsel for Mr. Welch that in such case he was entitled to hold and occupy said office of marshal and to exercise the duties and receive the fees and emoluments thereof until such time as a successor should be regularly elected and qualified. The court below took his view of the law; hence the peremptory writ.

It is not apparent that any practical relief can follow either a reversal or affirmance of the judgment of the court below. Even if the law providing for the election of marshals in villages is not repealed by section 1002, Compiled Laws of Oklahoma 1909, as contended for by counsel for defendant in error, the time for holding the election provided for by that section has again expired, and no doubt the office of marshal, if there is such office, has been satisfactorily filled. Under these circumstances *Freeman v. Board of Medical Examiners,* 20 Okla. 610, 95 Pac. 229, and a good many other cases of the same class, decided by this court, are in point, to the effect that the Supreme Court will not decide abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow.

Following the rule laid down above, the appeal will be dismissed, without passing upon the merits of the questions raised.

TURNER, C. J., and DUNN and WILLIAMS, JJ., concur; HAYES, J., absent and not participating.