## BRYAN v. SULLIVAN.

### No. 1476. Opinion Filed November 14, 1911.

### (119 Pac. 124.)

APPEAL AND ERROR—Dismissal—Hypothetical Cases. Abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no particular result can follow other than the awarding of the costs of the appeal, will not be decided by this court.

(Syllabus by the Court.)

*Error from District Court, Comanche County; J. T. Johnson, Judge.*

Action by John Bryan against D. F. Sullivan. Judgment for defendant, and plaintiff brings error. Proceedings in error dismissed.

*J. F. Diffendaffer,* for plaintiff in error.

*Hudson & Whalin,* for defendant in error.

WILLIAMS, J. On February 1, 1910, the plaintiff in error, as plaintiff, obtained the issuance of a temporary injunction out of the district court of Comanche county, which on the 7th day of February, 1910, was dissolved by order of said court. On March 8, 1910, a proceeding in error was begun in this court to review the order dissolving the same. On the 21st day of

December, 1910, the action in which the temporary injunction was issued and dissolved was tried in said district court, and judgment rendered therein in favor of the defendant.

Defendant in error moves to dismiss this proceeding. The plaintiff in error has neither made any response to this motion nor in any way resisted the dismissal of this proceeding in error on the ground that now only a moot or hypothetical question is involved. The time in which the plaintiff was allowed to make and serve a case-made has expired, without any re-extension, and no case-made has been made and served. It further appears that no question which could be reviewed by transcript arises on said record. It follows that the only relief that could be awarded now by the determination of this appeal would be in the way of costs.

It is a settled holding of this court that it will not decide abstract or hypothetical cases, disconnected from the granting of actual relief or from the determination of which no particular result can follow other than an adjudication as to who will pay the costs of the appeal.

The motion to dismiss is therefore sustained.

All the Justices concur.