## CLEVELAND TRINIDAD PAVING CO. v. WOODS,
### *County Treasurer.*

No. 2158. Opinion Filed November 14, 1911.

(119 Pac. 123.)

**APPEAL AND ERROR**—Abstract Questions—Dismissal. The Supreme court will not decide abstract or hypothetical cases disconnected ·from the granting of actual relief, or from the determination of which no practical relief can follow.

(Syllabus by the Court.)

*Error from Superior Court, Pittsburg County; P. D. Brewer, Judge.* .

Action by the Cleveland Trinidad Paving Company against J. I. Woods, County Treasurer. Judgment for defendant, and plaintiff brings error. Dismissed.

*Fuller & Porter* and *D. C. Westenhaver,* for plaintiff in error.

· *Robert Tarter,* Co. Atty., for defendant in error.

KANE, J. There are two questions presented and argued by counsel in the foregoing proceedings which may be·stated as follows: (1) Is the date for sale of property delinquent September 1, 1910, for non-payment of special assessments, the month of November, 1910, or the month of November, 1911? (2) If such date is the month of November, 1910, can the county treasurer, now that such date is passed, be required by mandamus to select a new date and proceed to advertise and sell? The court below refused to issue the writ, and the plaintiff in error seeks to have this order reviewed by the Supreme Court. It seems to us that the questions involved have now become hypothetical, and no substantial benefit can accrue to either party by a decision by the Supreme Court. The time necessarily consumed in perfecting an appeal and presenting the case to this court has consumed the period between the dates contended for

by the respective sides. It is conceded that the treasurer intends to sell in November, 1911, and, as that time is now upon us, it is apparent that the questions of law presented have become entirely academic. It has been held by this court in a great many cases, the latest of which is *Edwards et al. v. Welch, ante,* p. 335, 116 Pac. 791, that "the Supreme Court will not decide abstract or hypothetical cases disconnected from the granting of actual relief, or from the determination of which no practical relief can follow."

The appeal is dismissed.

TURNER, C. J., and HAYES and WILLIAMS, JJ., concur; DUNN, J., absent and not participating.