## ESLICK v. MOTT.

No. 3246.   Opinion Filed May 14, 1912.

Rehearing Denied May 6, 1913.

(126 Pac. 230.)

**APPEAL AND ERROR—Grounds of Appellate Jurisdiction—Existence of Actual Controversy.**   The Supreme Court will not decide abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow.

(Syllabus by the Court.)

Eslick v. Mott.

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action between Merritt Eslick and M. L. Mott. From the judgment, Eslick brings error. Writ of error dismissed.

*Merritt Eslick, pro se.*
*N. A. Gibson* and *Grant Foreman,* for defendant in error.

KANE, J. This cause comes on to be heard upon a motion to dismiss the appeal, supported by affidavit showing that the controversy between the parties has been settled, and that therefore the questions involved have become merely hypothetical. As the affidavit supporting the motion to dismiss is uncontroverted, it must be taken as true, and, under a long line of authorities by this court, the appeal must be dismissed. In the case of *Cleveland-Trinidad Paving Company v. Wood, County Treasurer,* 29 Okla. 684, 119 Pac. 123, it was held that "the Supreme Court will not decide abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow." To the same effect is *National Refrigerator & Butchers' Supply Company v. Elsing,* 29 Okla. 334, 116 Pac. 790; *Edwards et al. v. Welch,* 29 Okla. 335, 116 Pac. 791, and *Bryan v. Sullivan,* 29 Okla. 686, 119 Pac. 124.

The appeal is dismissed.

All the Justices concur.