## *In re* BALLOT TITLE FOR INITIATIVE PETITION NO. 43, STATE QUESTION NO. 28.

No. 4061.     Opinion Filed December 3, 1912.

(128 Pac. 681.)

**APPEAL AND ERROR**—Review—Abstract Questions. The Supreme Court will not decide abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow.

(Syllabus by the Court.)

*Appeal from Ballot Title Filed by the Attorney General.*

In the matter of preparing and filing a Ballot Title to State Question 28, Initiative Petition No. 43. From the action of the Attorney General, petitioner appeals. Dismissed.

*Burford & Burford,* for appellant.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for appellee.

KANE, J. This is an appeal from the action of the Attorney General in the matter of preparing and filing a title to State

Question No. 28, Initiative Petition No. 43, proposed for the purpose of repealing our present laws in relation to state, county, and precinct election boards, and in lieu thereof providing for state, county, and precinct election boards. It appears that the initiative petition has never been completed in the manner prescribed by law, in that it has never been filed with the Secretary of State with the requisite number of signers. The questions involved in the appeal have therefore become hypothetical. It has been often held by this court that:

"The Supreme Court will not decide abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow." (*Edwards et al., Board of Trustees, v. Welch,* 29 Okla. 335, 116 Pac. 791; *Cleveland-Trinidad Paving Co. v. Woods,* 29 Okla. 684, 119 Pac. 123; *Bryan v. Sullivan,* 29 Okla. 686, 119 Pac. 124.)

The appeal is therefore dismissed.

All the Justices concur.