### OBERLY et al. v. HARRIS et al.

No. 6559.   Opinion Filed Oct. 13, 1914.

Rehearing Denied May 1, 1917.

(143 Pac. 663.)

(Syllabus by the Court.)

**Appeal and Error—Jurisdiction.**

Where a party fails to commence an action in the Supreme Court to reverse, vacate, or modify an order or judgment of the district court within six months after such judgment or order was made, the Supreme Court has no power to review such order or judgment; and jurisdiction to do so cannot be conferred by the agreement of the parties, or by the general appearance of the defendant in error after the expiration of such time.

Error from District Court, Osage County; R. H. Hudson, Judge.

Action between Sarah Oberly and others and P. H. Harris and others. From the judgment, Oberly and others bring error. Dismissed.

Peters & Mosier, for plaintiffs in error.

Grinstead & Scott, for defendants in error.

LOOFBOURROW, J.   Defendants in error have filed a motion to dismiss the appeal herein, for the reason that the same was not commenced in this court within six months from the date of final judgment in the trial court. An examination of the record discloses that final judgment was entered in the court below on the 24th day of December, 1913, and that the petition in error with case-made was filed in this court on June 23, 1914. No praecipe for summons in error was filed, and no summons in error issued. Plaintiffs in error filed a purported waiver of issuance and service of summons

in error in this court on the 25th day of June, 1914, but at that time the six months allowed by statute for the commencement of proceedings in error had expired.

In 2 Enc. Pl. & Prac. 239, it is said:

"Statutes limiting the time to appeal from a decision below are mandatory and jurisdictional. They must therefore be strictly complied with. The court cannot ingraft any exceptions on the statute, nor admit any excuse for failure to comply with its requirements; and unless an appeal is taken within the statutory period, the court has no jurisdiction, and the appeal is void for all purposes. * * * "

In McGuire et al. v. Ranney, 49 Ohio St. 372, 34 N. E. 719, petition in error, upon which was written a waiver of process and entry of appearance, duly signed by the attorneys of record for the defendant in error in the action below, was filed in the Supreme Court within the six months allowed for appeal. The waiver was signed by the attorneys of record during the lifetime of their client, but before the petition in error was filed in the Supreme Court the defendant in error died. The court said:

"No summons in error has issued, nor is there a service of any kind, unless the waiver and acknowledgment of service by the attorneys of record in the original cause upon the petition prior to the decease of the defendant in error can have that effect. We think it cannot. It would not be possible in any manner to bring a party into court prior to the filing of the petition. The waiver and appearance by counsel speaks, therefore, as of the date of the filing of the petition in error."

So, in the case at bar, the waiver of issuance of summons speaks as of the date of the filing of the same. The waiver must have been delivered to the clerk of the court for filing or record within the statute of limitations. The deposit of the written waiver with the proper officer for filing is necessary to give this court jurisdiction. Jurisdiction cannot be conferred upon this court by agreement of parties or by general appearance of defendants in error after the expiration of the statutory time for perfecting proceedings in error. See Wedd v. Gates, 15 Okla. 602, 82 Pac. 808; McMurtry v. Byrd et al., 23 Okla. 597, 101 Pac. 1117; Court of Honor v. Wallace, 23 Okla. 734, 102 Pac. 111; John v. Paullin, 24 Okla. 642, 106 Pac. 838.

The appeal is therefore dismissed.

All the Justices concur.