## YOUNG v. LA RUE.

No. 7081.   Opinion Filed October 12, 1915.

(152 Pac. 340.)

**APPEAL AND ERROR—Parties—Revivor—Dismissal.** Where the prevailing party dies while the cause is still pending in the trial court, and thereafter the losing party seeks to prosecute a proceeding in error to the Supreme Court without having the cause revived in the trial court, the petition in error filed in said proceeding is a nullity for want of a party defendant in error.

(Syllabus by the Court.)

*Error from County Court, Blaine County;*

*Ed. Baker, Judge.*

Action by S. E. La Rue against Maria Young. Judgment for plaintiff, and defendant brings error. Dismissed.

   *I. H. Lookabaugh,* for plaintiff in error.

   *H. M. Bear* and *J. P. Wishard,* for defendant in error.

KANE, C. J. This cause comes on to be heard upon a motion to dismiss, upon the ground that "at the time said action was commenced for said appeal the said defendant in error was dead, and the action had not been revived within one year from the time it could have first been revived, and that by reason of the said failure to revive said action the Supreme Court has no jurisdiction over the subject-matter involved therein on said pretended appeal."

The motion to dismiss is not resisted. Counsel for defendant in error cite the following authorities in support of their contention: *St. L. & S. F. R. Co. v. Nelson,* 31 Okla. 51, 119 Pac. 625; *Kilgore v. Yarnell,* 24 Okla. 525, 103 Pac. 698; *Skillern v. Jameson,* 29 Okla. 84, 116 Pac. 193.

The foregoing cases are authority for the rule that, where the prevailing party dies while the cause is still pending in the trial court, and thereafter the losing party seeks to prosecute a proceeding in error to the Supreme Court without having the cause revived in the trial court, the petition in error filed in said proceeding is a nullity for want of a party defendant in error.

Upon the authority of those cases, the appeal must be dismissed.

   All the Justices concur.