## PITTS v. PEOPLE'S NAT. BANK OF CHECOTAH.

No. 8621—Opinion Filed Sept. 3, 1918.

On Rehearing, Feb. 11, 1919.

(178 Pac. 257.)

(Syllabus.)

**Appeal and Error—Questions Reviewable — Abstract Propositions—Dismissal.**

Abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no particular result can follow other than the awarding of the costs of the appeal, will not be decided by this court.

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Suit by the People's National Bank of Checotah against A. B. Steen, constable district No. 5, McIntosh county, John Kidd, justice of the peace, and W. J. Pitts. From the decree enjoining defendants from enforcing or attempting to enforce certain judgments theretofore obtained by them in the court of John Kidd, justice of the peace, defendant Pitts brings error. Dismissed.

Neff & Neff, and John T. Cooper, for plaintiff in error.

Charles R. Freeman, for defendant in error.

SHARP, C. J. On January 11, 1916, the People's National Bank of Checotah brought suit in the district court of McIntosh county against A. B. Steen, constable district No. 5, McIntosh county, John Kidd, justice of the peace for said district, and W. J. Pitts, the purpose of which was to enjoin said defendants from attempting to enforce the collection of certain judgments theretofore rendered in favor of Pitts and against the bank in the court of John Kidd, justice of the peace. A temporary injunction issued which on final trial was made perpetual. From the decree the plaintiffs prosecute error to this court, and on September 20, 1916, filed herein their petition in error with case-made attached. On January 6, 1917, the defendant

in error filed its motion to dismiss the appeal on the ground that the issues between the bank and Pitts had been fully settled. To the motion is attached the affidavit of the bank's attorney to the effect that subsequent to the date of final decree in the case at bar, plaintiff had instituted in the district court of McIntosh county a new action, predicated upon the same demands as were included in the several judgments in the justice of the peace court, and that, pending said latter action in the district court, the defendant bank had fully paid off and discharged the demand of the plaintiff. To the motion to dismiss the plaintiff in error has made no response, so that we may accept as conclusive the claim of the plaintiff in error that the proceedings for review in this court involve only a moot question of law. As the case stands, no good purpose can now be served by further proceedings in this court, and it is a rule well established that in such circumstances we will not undertake to decide abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no particular result can follow, other than the awarding of the costs of the appeal. Bryan v. Sullivan, 29 Okla. 686, 119 Pac. 124; McCullough v. Gilcrease, 40 Okla. 741, 141 Pac. 5; Loomer v. Scott, 43 Okla. 212, 141 Pac. 1107. The motion to dismiss is therefore sustained.

All the Justices concur.

On Rehearing.

PER CURIAM. In the preparation of the original opinion the response to the motion to dismiss the appeal escaped the court's attention. Therefore, the statement in the opinion that no response was filed should be and is corrected. Upon consideration of the response we are of the opinion the case involves only a moot question of law, and that the opinion dismissing the appeal should be adhered to and the petition for a rehearing denied.