**BARRICK et al. v. SMITH et al.**

No. 9531—Opinion Filed Jan. 13, 1920.

Rehearing Denied Feb. 17, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Service of Case-Made on Attorney for Deceased Defendant in Error.**

   Where a review of the proceedings of the trial court is sought by means of a case-made, it or a copy thereof having been served upon the attorney of the adverse party after the death of such party, without any revivor first having been had, such service is a nullity and will operate to prevent the case-made from being considered in this court.

2. **Same—Parties—Failure to Revive Action in Lower Court.**

   Where a proceeding in error is sought to be instituted in this court by the losing party in the trial court against the deceased adverse party and the administratrix of his estate, as defendants in error, the action not having been revived against such representative in the court below, nor any consent having been given in such court to such revivor, nor any summons or notice having been issued as required by law and six months having expired from the date of the order complained of, held that, the administratrix not having been made a party in any way to the proceedings below, this court has not jurisdiction to review such order.

Error from District Court, Woods County; W. C. Crow, Judge.

Action by J. Lee Smith and others against W. R. Barrick and others. Judgment for plaintiffs and defendants bring error. Dismissed.

E. W. Snoddy and J. P. Grove, for plaintiffs in error.

R. M. Chase, A. J. Stevens, and F. E. Severn, for defendants in error.

JOHNSON, J. This cause comes on to be heard upon a motion to dismiss the appeal filed by the defendants in error, upon the ground that the proceeding in error was not commenced within the time limited by law.

The record discloses that the final judgment sought to be appealed from, that of the overruling by the court of the defendant's motion for a new trial, was rendered on April 23, 1917. Thereafter, on May 25, 1917, the plaintiff died. There was no attempt made in the court below to revive the action. On September 23, 1917, service of case-made was acknowledged by the attorneys of record of the deceased plaintiff. One day before the expiration of six months from the date of the judgment attempted to be appealed from had expired, the defendants below, plaintiffs in error, filed with the clerk of this court their petition in error, with case-made attached, and there was attached thereto, marked "Exhibit A," a written suggestion of the death of the plaintiff and motion to revive in the name of Rebecca Smith, administratrix, and Rebecca Smith and Marvin L. Smith, sole heirs of the deceased plaintiff, praying that summons in error issue to each of them. The record discloses that Rebecca Smith was appointed administratrix seven days thereafter, to wit, October 29, 1917. The six months allowed by law in which an appeal might be perfected had expired on October 23, 1917. On January 17, 1918, waiver of summons in error and a general appearance was entered by Rebecca Smith, administratrix of the estate of J. Lee Smith, deceased, who was plaintiff below.

It further appears from the record that on November 27, 1917, an order was made in this court in said cause, reviving the action in the name of Rebecca Smith, administratrix of the estate of J. Lee Smith, deceased. At that time no appearance had been made by her in her representative capacity. On February 26, 1919, the motion to dismiss the appeal upon the aforesaid grounds was filed by Rebecca Smith, which was duly verified, reciting that she appeared for the purpose of the motion only, notice of the filing of which motion was served upon the attorneys for plaintiffs in error on February 20, 1919, which motion recited the foregoing facts and recited, further, that the movant, as widow, and Marvin L. Smith, a son, were the sole heirs at law and representatives of the deceased, which motion was by this court overruled on May 27, 1919.

Counsel for defendants in error, in their brief, call our attention to this record, and urge that this court is without jurisdiction of the case upon its merits, and urge that the appeal herein be dismissed. This action did not abate by the death of the plaintiff. Rev. Laws 1910, sec. 5280.

Sections 5285, 5290, and 5299, Rev. Laws 1910, provide:

Section 5285. "When one of the parties to an action dies, or his powers as a personal representative cease before the judgment, if the right of action survive in favor of or against his representatives or successors, the action may be revived and proceed in their names."

Section 5290. "Upon the death of the plaintiff in an action, it may be revived in the names of his representatives, to whom his right has passed. Where his right has passed to his personal representatives, the revivor shall be in their names; where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names."

Section 5299. "If either or both parties die after judgment, and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as prescribed for reviving actions before judgment, and such judgment may be rendered, and execution awarded, as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party."

In this case, upon the death of the plaintiff, the right of action passed, not to his heirs, but to the administratrix of his estate. The subject-matter of the action was a part of the personal estate, and is subject to the payment of the debts of deceased if the judgment be secured and satisfied; and hence, the action, if revived, must be in the name of his administratrix. Lydia E. Glazier, Admx. v. T. H. and Marth Henneybuss, 19 Okla. 318, 91 Pac. 872.

This court has held that, where a review of the proceedings of the trial court is sought by means of a case-made, it or a copy thereof having been served upon the attorneys of one of the parties after the death of such party, without any revivor first having been had, such service is a nullity. May et al. v. Fitzpatrick, 35 Okla. 45, 127 Pac. 702; Kilgore v. Yarnell et al., 24 Okla. 525, 103 Pac. 698.

Attorneys for the plaintiffs in error admit that the service of the case-made, as shown by the record, was a nullity, but argue that the appeal herein should not be dismissed, for the reasons that Rebecca Smith was appointed and qualified as administratrix of the estate of J. Lee Smith on October 29, 1917, and on October 22, 1917, the same day the appeal was filed in this court, a motion to revive this action in the names of Rebecca Smith, administratrix, and Rebecca Smith and Marvin L. Smith, was filed, and on January 17, 1918, Rebecca Smith, administratrix, the movant herein, by her attorneys, entered her general appearance in this court in this case and consented that the said motion to revive be granted, waived the issuance and service of summons herein, and asked that this court pass upon plaintiffs in error's appeal. We think these contentions of counsel are without merit. The time allowed by law to perfect the appeal in this cause expired on October 23, 1917. The pretended case-made, which as we have seen is a nullity, was filed in this court on October 22, 1917. It is further disclosed by the record that Rebecca Smith was not then the administratrix of the estate of the deceased plaintiff, and was not appointed as such until seven days thereafter, to wit, October 29, 1917, and that her pretended appearance in this court was not entered until long thereafter, to wit, January 17, 1918. It therefore follows that, inasmuch as this court never acquired jurisdiction of the subject-matter of the action, it had no jurisdiction to make the order reviving the action that was entered on November 27, 1917.

This court has expressly held in the case of Oberly v. Harris, 63 Oklahoma, 143 Pac. 663, as follows:

"Where a party fails to commence an action in the Supreme Court to reverse, vacate, or modify an order or judgment of the district court within six months after such judgment or order was made, the Supreme Court has no power to review such order or judgment, and jurisdiction to do so cannot be conferred by the agreement of the parties or the general appearance of the defendant in error after the expiration of such time."

And to the same effect, the case of Shaffer v. Renners, 47 Okla. 251, 148 Pac. 841; Combs Estate, 62 Oklahoma, 161 Pac. 801. In the latter case, Burford, C., speaking for the court, said:

"The jurisdiction of the subject-matter itself is only conferred upon this court by the filing of a petition in error accompanied by case-made or transcript, and the issuance of process to defendant in error all within the time allowed by law. After that time consent of parties is of no avail." Citing in support thereof the opinions of this court, supra, and Creek Realty Co. v. City of Muskogee, 49 Okla. 413, 153 Pac. 180, American Nat'l Bank v. Merganthaler Co., 51 Okla. 533, 122 Pac. 507, and the numerous cases therein cited.

We are clearly of the opinion that the motion to dismiss the appeal should be sustained, and it is so ordered.

All the Justices concur.