## CITY OF ANADARKO v. McKEE, Guardian.

No. 13015—Opinion Filed April 17, 1923.

(Syllabus.)

1. **Appeal and Error — Parties — Failure to Revive Cause.**

Where the prevailing party dies while the cause is still pending in the trial court, and thereafter the losing party seeks to prosecute a proceeding in error to the Supreme Court without having the cause revived in the trial court, the petition in error filed in said proceeding is a nullity for want of a party defendant in error.

2. **Same — Invalidity of Case-Made — Service.**

Where a review of the proceedings of the trial court is sought by means of a case-made, it or a copy thereof having been served upon the attorney of the adverse party after the death of such party, without any revivor first having been had, such service is a nullity, and will operate to prevent the case-made from being considered in this court.

Error from District Court, Caddo County; Will Linn, Judge.

Action by John McKee, guardian of Edith McKee, against the City of Anadarko. Judgment for plaintiff, and defendant brings error. Dismissed.

Grover C. Wamsley and C. Ross Hume, for plaintiff in error.

Morris & Jameson, for defendant in error.

PER CURIAM. Came on to be heard the defendant in error's motion to dismiss the appeal in the above entitled and numbered cause upon two grounds, and inasmuch as the second ground of the motion must be sustained and the appeal dismissed, it will not be necessary to notice the first ground of the motion, which is more or less complicated, and it is not likely that an exact situation is likely to occur in any other case as there stated, so we will not take time to consider the first ground.

The record discloses that on the 23rd day of September, 1921, the defendant in error, John McKee, guardian of Edith McKee, minor, recovered a verdict in the district court of Caddo county against the city of Anadarko in a personal injury action in the

sum of $6,000, upon which the court rendered judgment on the 23rd day of September thereafter with 6 per cent. interest from March 3, 1920; from which judgment the defendant, city of Anadarko, has appealed to this court. The appeal was filed in this court on February 3, 1922.

On October 29, 1921, the minor, Edith McKee, died of the injuries she sustained on account of the alleged negligence of the plaintiff in error; an administrator of her estate was appointed soon after the judgment was rendered; the action was not revived in the trial court and the deceased's personal representatives are not parties to this appeal; the cause has never been revived in the name of the heirs or representatives of the said minor, nor have they been made parties to this proceeding in error; more than one year from the time it could have first been revived has elapsed. This constitutes the second ground of the defendant in error's supplemental motion to dismiss the appeal herein.

The plaintiff in error's notice of the settling and signing of the purported case-made herein was served on counsel of record in the court below for the deceased minor on the 23rd day of March, 1922.

Therefore, for the reason stated, counsel for the defendant in error insists that the purported case-made is a nullity and confers no jurisdiction of appeal upon this court.

In this contention of the counsel we concur. In the case of Young v. La Rue, 49 Okla. 252, 152 Pac. 340, this court stated in the syllabus as follows:

"Where the prevailing party dies while the cause is still pending in the trial court, and thereafter the losing party seeks to prosecute a proceeding in error to the Supreme Court without having the cause revived in the trial court, the petition in error filed in said proceeding is a nullity for want of a party defendant in error." Barrick et al. v. Smith et al., 77 Okla. 163, 187 Pac. 199, and cases there cited.

Upon the death of Edith McKee, the powers of John McKee as her guardian ceased, and all the interest of the deceased in the judgment passed to her personal representatives, and they alone are the real parties in interest.

The rights and powers of the guardian being terminated by the death of the ward, he could not take any steps to collect the judgment, he could not have prosecuted a proceeding in error had the judgment been for the defendant, nor can a proceeding in error be prosecuted against him as guardian of the deceased, for the reason that deceased persons are not and cannot be represented by guardians.

The proposition that the powers of the guardian were terminated by the death of the deceased is fundamental.

In Barrett v. Provincher, 58 N. W. 292, the Supreme Court of Nebraska said:

"In the case at bar, however, the relation was terminated by the death of the ward. For the collection of whatever sums that were due the estate of the deceased, an administrator or executor was the only representative party who could properly maintain the action."

And in Alford v. Halbert, 74 Tex. 354, 12 S. W. 76, it was said:

"We think the only course left her (the guardian) was to administer in the proper court upon the estate of the deceased ward."

See, also, 21 Cyc. 81; Livermore's Estate (Cal.) 64 Pac. 113; State Fair Ass'n v. Terry (Ark.) 85 S. W. 87.

Since, by the death of the ward, the guardian's powers were terminated, he had no interest as such in the action, and could not thereafter continue the same, nor could it be continued against him.

In Hincks v. Barnett et al., 48 Pac. 915, the Supreme Court of Kansas had under consideration a motion to dismiss an appeal which involved the identical principle involved in this case. There, one Hincks was appointed administrator of an estate, and as such administrator brought suit on a note and mortgage belonging to the estate; before the cause was brought to trial, Hincks resigned as administrator and another party was appointed and qualified as his successor; however, the action was not revived in the name of the successor, and when the cause was tried, judgment was rendered in favor of the defendants; an appeal was taken from the judgment to the Supreme Court, and in sustaining a motion to dismiss the petition in error the court said:

"As the plaintiff's powers as personal representative ceased in April, 1894 (when he resigned), he is not entitled to maintain this proceeding; and as more than a year has elapsed since his successor was appointed, and no revivor has been had nor consent to a revivor been given, the proceeding will be dismissed."

In the syllabus the court said:

"Where a successor to an administrator was appointed after action was brought, and

judgment was rendered without revivor, and plaintiff brings error, as his powers have ceased, the proceeding will be dismissed."

While the ward was living the guardian was her representative, but upon her death the relation terminated, and her estate, the judgment in this case, passed to her personal representatives, thence to her heirs.

She was a party to the record while living, and although the suit was brought by her guardian, she was the real party in interest, and, upon her death the personal representatives became necessary parties to the action.

The action has not been revived in the name of the personal representatives of the deceased. The service of the case-made upon the defendant in error, who was not, at the time, guardian of the deceased and not her personal representative, was an absolute nullity, and the representatives of the deceased not being parties to this proceeding in error, this court is without authority to review the judgment.

Ordered that the appeal be, and the same is hereby dismissed.