**HARDCASTLE v. STATE ex rel. WAL-COTT, Bank Com'r.**

No. 14918—Opinion Filed June 30, 1925.

**1. Appeal and Error—Dismissal—Question Rendered Moot.**

Where it is made to appear by proper showing in this court that the controversy involved in a proceeding in error has been concluded and rendered moot by the act of one of the parties, the appeal will be dismissed.

**2. Same—Want of Controversy—Dismissal.**

Where on appeal there is no contest as to law or facts, both parties desiring affirmance, the appeal will be dismissed.

**3. Same—When Opinion Withdrawn in Order to Dismiss Appeal.**

Under syllabus parags. 1 and 2 above, this court will withdraw an opinion already rendered in a cause in order to dismiss the appeal, when it is made to appear that an affirmance or reversal of the judgment, under the settlement of the case made by the parties pending the appeal, would enable either party to speculate upon the judgment with reference to the rights of others not before the court.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by the State of Oklahoma ex rel. Roy Walcott, Bank Commissioner, against John R. Hardcastle. From judgment in favor of plaintiff, defendant appeals. Dismissed.

Fred M. Carter and C. M. Gordon, for plaintiff in error.

Fred Hansen, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appear in the trial court, inverse to their order here. Plaintiff had judgment against defendant on a promissory note, an asset of the defunct Bank of Commerce of Okmulgee, liquidated by plaintiff, from which judgment defendant appeals. The only issue raised by defendant Hardcastle was non assumpsit on certain alleged facts. By an opinion rendered herein, the cause was reversed and remanded. For rehearing, among other grounds, plaintiff presents a duly certified deed of trust, duly executed and filed for record by defendant, conveying certain property of defendant to a trustee for the benefit of defendant's creditors several months prior to the decision of this court herein. Therein, defendant identifies the obligation sued up-on herein as being involved in this appeal and solemnly acknowledges the same as a valid and subsisting obligation, and makes certain provisions for paying same out of the proceeds of the property sold and conveyed in trust.

Thus, the question of defendant's liability on such note has become moot. Ordinarily this court would not take further cognizance of this case, since no practical result can follow other than the awarding of the costs on this appeal. Pitts v. Peoples National Bank of Checotah, 72 Okla. 65, 178 Pac. 257. Where it is made to appear by proper showing in this court that the controversy involved in a proceeding in error has been settled between the parties, the appeal will be dismissed. Quinn et al. v. State ex rel. Cole, 43 Okla. 198, 141 Pac. 1166.

2, 3. It does not appear in plaintiff's petition for rehearing when plaintiff discovered the fact that defendant had acknowledged such indebtedness. If, same had been made to appear prior to the decision of this court, the appeal had been promptly dismissed. The question recurs whether this court will withdraw its opinion herein in order to dismiss the case. Plaintiff insists on affirmance of the judgment of the trial court—not dismissal of defendant's appeal. Clearly plaintiff desires affirmance in order to take advantage of the trust deed provision giving plaintiff preference of payment over other creditors if the judgment be affirmed, but providing otherwise if the judgment be reversed. Defendant could not now be heard to insist or desire otherwise than an affirmance. Where on appeal there is no contest as to law or facts, both parties desiring affirmance, the appeal will be dismissed. Davies et al. v. Brooks et al., 212 Ill. 566, 72 N. E. 724. Under this state of case, we think the opinion herein reversing the judgment should be withdrawn, under the plenary powers of this court thereunto, because neither party should be permitted to speculate upon the judgment of the court with reference to the rights of others, that is, the other creditors of defendant referred to in the trust deed, whose rights of priority by the terms of such deed depend upon the affirmance or reversal of this cause, they not being before the court.

Let the petition for rehearing be sustained, the opinion herein rendered withdrawn, and this appeal dismissed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 575, §2383. (2) 4 C. J. p. 575, §2383; p. 579, §2387.