## HUDDLESTON v. WALLOW et al.

No. 17143—Opinion Filed May 11, 1926.

**1. Appeal and Error—Parties—Service of Case-Made—Jurisdiction—Dismissal.**

Chapter 219, S. L. 1917 (Comp. Stat. 1921, sec. 782), was not intended to relax or abrogate any existing requirements of the law concerning the preparation, service, settlement, and filing of a case-made for appeal, but relates solely to the method of making all parties of record in the trial court parties of record in this court and prescribes the kind and character of notice which shall be effective for this purpose.

**2. Same—Death of Party—Failure to Revive Cause.**

Where a successful party in a joint judgment dies before service of case-made and such case-made is thereafter served upon the attorneys who represented deceased at the trial, such service is a nullity, and such case-made thereafter settled and filed is ineffectual to confer jurisdiction upon this court to review alleged errors occurring at the trial, neither the administrators nor heirs having been brought in by proceedings to revive.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by Peter Wallow and others against O. T. Huddleston to recover possession of certain land and to quiet title thereto. Judgment for plaintiffs, and defendant brings error. Dismissed.

J. B. Patterson, Logan Stephenson, and C. T. Huddleston, for plaintiff in error.

Anglin & Stevenson, for defendants in error.

Opinion by LOGSDON, C. In this case judgment was entered in the trial court April 6, 1925, and motion for new trial was overruled September 21, 1925. By appropriate and timely orders the time for preparing and serving case-made was extended to January 19, 1926. A petition in error was filed in this court January 20, 1926, to which was attached a purported case-made. March 31, 1926, a motion to dismiss was filed upon the ground that the purported case-made is a nullity. Response to this motion was filed April 7, 1926, and on April 13th an order was entered denying the motion to dismiss.

The case comes on for further hearing now upon the motion of plaintiffs below to vacate and set aside the order denying the motion to dismiss, leave to file which was granted by the court April 20th. The purported case-made was served upon the attorneys for plaintiffs January 5, 1926, and it is made to appear that Peter Wallow, one of the plaintiffs below, died December 16, 1925, leaving surviving him a widow, Mahala Wallow, and one child, Sallie Wallow, and that there has been no revivor of the action.

Upon the death of Peter Wallow the power and authority of the attorneys representing him ceased, and a case-made thereafter served upon them without an order of revivor and a renewal of their authority by the administrators or heirs is a nullity and wholly ineffectual to present alleged errors occurring during the trial. Kilgore v. Yarnell et al., 24 Okla. 525, 103 Pac. 698; May et al. v. Fitzpatrick et al., 35 Okla. 45, 127 Pac. 702; Barrick et al. v. Smith, 77 Okla. 163, 187 Pac. 199; City of Anadarko v. McKee, 89 Okla. 166, 214 Pac. 700.

The judgment in the instant case is a joint judgment in favor of plaintiffs as the sole and only heirs of Lucy Wallow, deceased. It was therefore necessary that the case-made be served upon each of them, or upon the attorneys of record for each of them. Grimes v. West, 47 Okla. 436,

149 Pac. 135; Phillips v. Hackler, 49 Okla. 586. 153 Pac. 863; Barrows et al. v. Cassidy et al., 115 Okla. 114, 239 Pac. 581.

Defendant practically concedes the correctness of both rules above announced but seeks to evade their force and effect by the contention that the provisions of chapter 219, S. L. 1917 (Comp. Stat. 1921, sec. 782), has changed the rule and effected a new and different procedure on appeal; that notice in open court of intention to appeal automatically makes all parties to the record in the trial court parties of record in this court. The language of the act relied on is clear. No relaxing of the rule requiring service of the case-made is apparent, and that no such intention existed has already been determined by this court. In Mires v. Hogan. 79 Okla. 233, 192 Pac. 811. this court said:

"If this case had come here on petition in error supported by a case-made, it would be important to inquire whether or not the case-made had been served on defendants in error, as provided for by. the act approved March 21 1917 (Session Laws of 1917, p. 73), it appearing that neither filed a disclaimer and that both took part in the proceedings below."

Paragraph 15 of the syllabus to that case reads:

"Under section 5238, Rev. Laws 1910 as amended by act approved March 23, 1917, all parties o record from which the appeal is taken, other than the plaintiff in error and parties not appearing at the trial or filing a disclaimer, are parties defendants in error to the proceedings in error in this court, irrespective of whether or not they are named as such in the petition in error; provided, the notice of intention to appeal is given as required by the statute, and the plaintiff in error otherwise appeals in due time by filing petition in error in the appellate court with certified copy of a transcript of the record, or proper case-made attached thereto."

A proper case-made is one which has been prepared, served, settled, and filed as required by law.

But it is further urged against the pending motion that the purported case-made is properly certified as a transcript, and that alleged errors appearing upon the judgment roll may be considered and determined by this court. A sufficient answer to this contention appears from the face of the judgment itself. Judgment was rendered and entered April 6. 1925 while the records of this court show that the petition in error was filed January 20, 1926, long after the expiration of the time within which appeals on transcripts may be taken.

Because the service of the case-made on the attorneys of record of Peter Wallow after their power and authority had been terminated by his death was a nullity, the case-made so served was ineffectual to confer jurisdiction on this court to review alleged errors of the trial court which may affect substantially the rights of his heirs under the judgment. For the reasons herein stated. the order of April 13. 1926. denying the motion to dismiss is. vacated. set aside, and held for naught, and this proceeding in error is dismissed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 344 § 1983. (2) 4 C. J. p. 355 § 2000 (Anno).