## VAUGHAN, Trustee, v. SEABOLT et al.

No. 19830.   Opinion Filed Jan. 22, 1929.

J. E. Webb, E. B. Arnold, and P. D. Mitchell, for plaintiff in error.

R. Y. Nance and Harry Winsor, for defendants in error.

PER CURIAM.   This action was begun in the district court of Adair county by the plaintiff in error, plaintiff below, on the 2nd day of September, 1925, wherein plaintiff sought to recover a money judgment against W. M. Seabolt and Pheby Seabolt on a promissory note and to foreclose a mortgage executed to secure payment of the same and to quiet title as to the other defendants in the action.

The defendant Pheby Seabolt died on the 8th day of April, 1926, the cause was tried to the court, judgment rendered on the 15th day of January, 1928, in favor of the defendants.   Plaintiff filed his motion for a new trial, which was overruled on the 16th day of April, 1928.   While a motion for new trial was pending and undisposed of, the defendant W. M. Seabolt died on the 18th day

of March, 1928. No revivor of action was had in the trial court as to either of the deceased defendants in error. To review the judgment and order overruling the motion for new trial, plaintiff in error on October 13, 1928, filed in this court his petition in error with case-made attached without having the cause revived in the trial court as to either of the defendants Pheby Seabolt or W. M. Seabolt. The case-made was served upon Harry Winsor and R. Y. Nance, who appeared and represented W. M. Seabolt in the trial of the cause in the court below.

Where the prevailing party dies while the cause is still pending in the trial court, and thereafter the losing party seeks to prosecute proceedings in error in the Supreme Court without the cause having been revived in the trial court, and ample time having elapsed between the time of the death of the parties and the expiration of the time in which to appeal, this court is without jurisdiction to review the proceedings in the trial court for the want of a necessary party defendant. City of Anadarko v. McKee, 89 Okla. 166, 214 Pac. 700; Barrick v. Smith et al., 77 Okla. 163, 187 Pac. 199; Young v. LaRue, 49 Okla. 242, 152 Pac. 240.

Where review of the proceedings of the trial court is sought by means of case-made, it or a copy thereof having been served upon the attorney of the adverse party after the death of such party without revivor first having been had, such case-made is a nullity and brings nothing before this court for review. Barrick v. Smith et al., supra; May v. Fitzpatrick, 35 Okla. 45, 127 Pac. 702; Kilgore v. Yarnell, 24 Okla. 525, 103 Pac. 698.

The defendants in the trial court, W. M. Seabolt and Pheby Seabolt, having died while the cause was pending in that court, the cause of action not having been revived prior to the filing of the appeal in this court, and the case-made not having been served upon the legal or personal representatives of the deceased parties, there is nothing properly before this court for review, and the appeal is dismissed.