## NICHOLS v. BEARDSLEY et al.

No. 20278.   Opinion Filed April 15, 1930.

28

W. H. Vann, for plaintiff in error.

Streeter Speakman, for defendants in error.

PER CURIAM. This is an appeal from an order of the district court of Creek county denying plaintiff's motion to reinstate cause of action theretofore dismissed. The order appealed from was made October 15, 1928, and the appeal filed in this court April 15, 1929. A motion is presented to dismiss the appeal upon the grounds this court is without jurisdiction to hear and determine the same for the reason D. Beardsley, one of the defendants in error, died on April 1, 1928, before the order and judgment appealed from, was rendered in the trial court and the cause was not revived in the name of the heirs or legal representatives of the defendant in error in the trial court.

"Where a prevailing party dies while the cause is still pending in the trial court, and thereafter the losing party seeks to prosecute proceedings in error to the Supreme Court without the cause having been revived, ample time having elapsed between the time of the death of the party and the expiration of the time in which to appeal, this court is without jurisdiction to review the proceedings in the trial court for the want of necessary party defendant in error." Vaughn v. Seabolt, 136 Okla. 112, 277 Pac. 643; City of Anadarko v. McKee, 89 Okla. 166, 214 Pac. 700; Barrick v. Smith, 77 Okla. 163, 187 Pac. 199; Young v. La Rue, 49 Okla. 252, 152 Pac. 340; Nichols v. Beardsley, 134 Okla. 139, 272 Pac. 447.

The plaintiff in error has responded to the motion to dismiss the appeal and asserts he had no knowledge of the death of Beardsley until the day the order and judgment appealed from, was rendered, and under the proviso in section 837, C. O. S. 1921, the court may permit a revivor within a reasonable time after the knowledge of the death of the party.

Exactly six months had elapsed between the date of the order appealed from, the date on which the plaintiff admits she obtained the information of the death of Beardsley, and the time the appeal was filed in this court. Ample time was afforded plaintiff to have caused a revivor of the action in the trial court, and it is not shown that any attempt has been made to cause a revivor of this action.

Section 838, C. O. S. 1921, provides that:

"When it appears to the court, by affidavit, that either party to an action has been dead for a period so long that the action cannot be revived in the names of his representatives or successors without the consent of both parties, or, when a party sues or is sued as a personal representative, that his powers have ceased, the court shall order the action to be dismissed at the costs of the plaintiff."

Attached to the motion to dismiss in this action is an affidavit of Mrs. Grace Beardsley, widow of D. Beardsley, deceased, setting forth that the said D. Beardsley departed this life April 1, 1928. There is also attached to the motion to dismiss an affidavit of the clerk of the trial court in which it is shown no revivor of said action has been had, and no proceedings have been filed in that court pertaining to revivor as to the defendant Beardsley. Under the section above cited and quoted, the only order the trial court could make in this action were it remanded to said court would be an order of dismissal upon the filing in that court of a like affidavit as is filed in this court. The action not having been revived within one year as provided in section 836, C. O. S. 1921. Any determination of the questions presented by this appeal would, therefore, grant plaintiff in error no actual relief. This court will not decide abstract or hypothetical cases disconnected from the granting of actual relief or from the determination of which no practical relief can follow. Eslick v. Mott, 38 Okla. 105, 126 Pac. 230; Cleveland Trinidad Paving Co. v. Wood, 29 Okla. 684, 119 Pac. 123.

For the reasons above given, the appeal is dismissed.

Note.—See "Appeal and Error," 3 C. J. §986, p. 1023, n. 53; 4 C. J. §2541, p. 649, n. 35.