**DIXON v. WRIGHT et al.**

No. 26038. March 10, 1936.

Rehearing Denied June 2, 1936.

Champion, Champion & Fischl, for plaintiff in error.

Sigler & Jackson, for defendants in error.

PER CURIAM. The plaintiff in this case filed an action seeking to recover certain funds. Plaintiff in error filed a petition asking that he be adjudged to be the owner thereof. From an adverse judgment, he appeals.

The judgment in this case was entered on the 12th day of May, 1934. The appeal is from the order overruling the motion for new trial entered May 29, 1934. The appeal was lodged in this court November 28, 1934. The appeal therefore can only be by case-made, duly served, settled, and signed. The case-made was duly served on the 26th day of September, 1934. Notice of settlement was waived November 23, 1934, by Sigler & Jackson, who had represented Eugene Wright. The case was settled by the trial judge dated November 27, 1934, and after the same had been filed on the 28th day of November, 1934, on December 6, 1934, defendants in error moved to dismiss on the ground that on the 3rd day of December, 1934, Dave Wright was appointed administrator of the estate of Eugene Wright, and that no case-made was properly presented to this court for the reason that notice of settlement had not been made upon the representative of Eugene Wright, and therefore the case-made was a nullity. On the 29th day of January, 1935, an order of revivor was entered in this court on the application of the plaintiff in error. At the same time a motion to dismiss was denied without prejudice to the right of the defendants in error to present the same, and at this time they have renewed their motion to dismiss. Eugene Wright died November 18, 1934.

In the motion filed December 6, 1934, defendant in error admits that the attorneys of record waived notice of settlement, but as an evidence of their good faith state that they did not know that Eugene Wright was dead. That fact was not discovered by plaintiff until after the filing of the petition in error and case-made in this court.

In Barrick v. Smith, 77 Okla. 163, 187 P. 199, this court said:

"This court has held that, where a review of the proceedings of the trial court is sought by means of a case-made, it, or a copy thereof, having been served upon the attorneys of one of the parties after the death of such party, without any revivor first having been had, such service is a nullity. May v. Fitzpatrick, 35 Okla. 45, 127 P. 702; Kilgore v. Yarnell, 24 Okla. 525, 103 P. 698."

In May v. Fitzpatrick, supra, paragraph 1 of the syllabus is as follows:

"Where a review of the proceedings of the trial court is sought by means of a case-made, it or a copy thereof having been served upon the attorney of one of the parties after the death of such party without any revivor first having been had, such service is a nullity."

, In the body of the opinion Mr. Justice Williams said:

"With the death of Mrs. Mary Holmes, the authority of Bond & Melton to act as attorneys in her said case ceased, and any acceptance of service of case-made by them for her was void. Kilgore v. Yarnell, 24 Okla. 525, 103 P. 698; St. Louis & S. F. R. Co. v. Nelson, 31 Okla. 51, 119 P. 625."

In Huddleston v. Wallow, 117 Okla. 259, 246 P. 585, the syllabus reads:

"Where a successful party in a joint judgment dies before service of case-made, and such case-made is thereafter served upon the attorneys who represented deceased at the trial, such service is a nullity, and such case-made thereafter settled and filed is ineffectual to confer jurisdiction upon this court to review alleged errors occurring at the trial; neither the administrator nor heirs having been brought in by proceedings to revive."

In the body of the opinion the court said:

"The purported case-made was served upon the attorneys for plaintiffs January 5, 1926, and it is made to appear that Peter Wallow, one of the plaintiffs below, died December 16, 1925, leaving surviving him a widow, Mahala Wallow, and one child, Sallie Wallow, and that there has been no revivor of the action. Upon the death of Peter Wallow the power and authority of the attorneys representing him ceased, and a case-made thereafter served upon them, without an order of revivor and a renewal of their authority by the administrator or heirs, is a nullity and wholly ineffectual to present alleged errors occurring during the trial. Kilgore v. Yarnell, 24 Okla. 525, 103 P. 698; May v. Fitzpatrick, 35 Okla. 45, 127 P. 702; Barrick v. Smith, 77 Okla. 163, 187 P. 199; City of Anadarko v. McKee, 89 Okla. 166, 214 P. 700."

Further in the opinion it is said:

"Defendant practically concedes the cor-

rectness of both rules above announced, but seeks to evade their force and effect by the contention that the provisions of chapter 219, Sess. Laws 1917 (Comp. Stat. 1921, sec. 782), has changed the rule and effected a new and different procedure on appeal; that notice in open court of intention to appeal automatically makes all parties to the record in the trial court parties of record in this court. The language of the act relied on is clear. No relaxing of the rule requiring service of the case-made is apparent, and that no such intention existed has already been determined by this court."

This is the final word on the necessity of serving the case-made. The latter case arose under our new procedure. It will not be contended that notice of settlement and settlement upon such due notice is not just as indispensable as service of the case-made. Dies v. Boyington, 88 Okla. 156, 212 P. 318; Ranney-Davis Mercantile Co. v. Morris, 88 Okla. 107, 211 P. 1044; Wyant v. Wheeler, 38 Okla. 68, 132 P. 137.

We are of the opinion that under the above authorities, despite the fact that the plaintiff in error has apparently done all in his power to perfect his appeal, the case must be dismissed. It is indispensable that a case-made be settled after due and proper notice. Since there was no one on whom service of notice of settlement could be made and this case cannot be reviewed except upon case-made, the appeal is therefore dismissed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, and GIBSON, JJ., concur. CORN, J., dissents. WELCH and PHELPS, JJ., absent.