### BOARD OF ED., CITY OF WILSON, v. LIBERTY NAT. BANK, Adm'r.

No. 32164. Oct. 15, 1946.

*173 P. 2d 450.*

N. E. Ticer, of Wilson, and E. W. Schenk, of Ardmore, for plaintiff in error.

Champion & Fischl, of Ardmore, and J. Berry King and George J. Fagin, both of Oklahoma City, for defendant in error.

BAYLESS, J. Fred C. Switzer, claiming to be the owner of six warrants issued by the board of education of the city of Wilson, Carter county, Okla., brought an action against that municipality to enforce payment of the described warrants. The case was tried to the district judge without a jury and the board appeals from a judgment in favor of Switzer.

Subsequently, Switzer died and the Liberty National Bank of Oklahoma City, Okla., administrator with will annexed, was substituted as party plaintiff

in lieu of Switzer. A motion to dismiss the appeal, based upon the rule announced in Barrick v. Smith, 77 Okla. 163, 187 P. 199, and Dixon v. Wright, 177 Okla. 191, 58 P. 2d 114, was filed, but upon consideration thereof the court denied the motion to dismiss without prejudice to the right to reconsider the matter further. Upon consideration of the merits of the action the court is of the opinion that there is no occasion to consider further the motion to dismiss, and we therefore proceed with a discussion of the merits of the action.

The record shows that the warrants sued upon are regular on their face. They were drawn against the general fund at a time when there remained a sum of money unexpended and unencumbered sufficient to pay the warrants. They were issued during the fiscal year of 1938-39. It appears, however, that these funds were spent for other purposes thereafter and, at the time these warrants were presented, no money was available to pay them. When the periodic audit was made, it was decided to refuse payment of these warrants on the ground they were intentionally issued to pay for materials purchased to use in the construction of a new building, for which there was no valid appropriation, or were issued to purchase materials in connection with the maintenance of the buildings for which there was a valid appropriation, and these materials were thereafter diverted and used in the construction of a new building. The claims upon which these warrants were based, and accompanying data, could not be found and, therefore, were not introduced in evidence. One witness undertook to testify that he had seen and examined the claims and they disclosed on their face that the materials were purchased for use in the construction of a new building, but he had no personal knowledge on the purchase and use of the materials represented by some of the claims. Another witness, a member of the board during the fiscal year in question, testifed that some repairs were made on existing buildings and a new building constructed but he would be unable to say whether the materials represented by some of the claims supporting some of these warrants were used in repairing old buildings or constructing new buildings without checking the claims. As stated, these claims were not available.

The rule governing actions and liability on warrants such as these has been stated by this court many times to this effect: A municipal warrant is prima facie evidence of the validity of the claim for which it was issued, if such warrant is regular on its face. Hence, in an action by the owner and holder thereof, where the only defense relied on to defeat the warrants is that the warrants were issued to pay claims evidencing an illegal or improper expenditure of money, it is only necessary for the plaintiff, in order to make a prima facie case, to introduce the warrants, whereupon the burden shifts to the municipality to clearly establish by competent evidence the defense asserted. See City of Sulphur v. State, 62 Okla. 312, 162 P. 744; Hamilton Tp. v. Underwood, 81 Okla. 256, 198 P. 300; State Bank of Miami v. City of Miami 43 Okla. 809, 144 P. 597; Excise Bd., Creek County, v. Gulf Pipe Line Co., 156 Okla. 103, 9 P.2d 460; Kansas City So. Ry. Co. v. First National Bank of Heavener, 171 Okla. 472, 43 P. 2d 713; Van Arsdale & Osborne v. Olustee School Dist. No. 35, 23 Okla. 894, 101 P. 1121. In this case the board has failed to establish by competent evidence that these warrants were issued upon claims for materials used in the construction of a new school building at and during an applicable fiscal period when there was no valid appropriation for such purpose. The judgment of the trial court, based on the record, is conclusive on the fact issues.

The judgment appealed from is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, WELCH, CORN, and DAVISON, JJ., concur.